Margaret M. Cameron, Respondent, v. Samuel U. Dooley et al., Appellants.

Third Department, March 13, 1963.

*Herron, Lawler & Fischer* (*Henry A. Fischer, Jr.,* of counsel), for appellants.

*Lawson & Lawson* (*Warner M. Bouck* and *Francis J. Holloway* of counsel), for respondent.

Coon, J. On January 26, 1959, at about 7:00 p.m., plaintiff was driving alone in a 1958 Chevrolet automobile in a northerly direction on Route 9 about 15 miles north of Schroon Lake, New York. Defendant Dooley, also alone, was driving a tractor-trailer in a southerly or opposite direction, and the two vehicles collided. The multiple defendants against whom the judgment was rendered are of no consequence on this appeal. The only issue is one of negligence as between plaintiff and Dooley, and that in turn depends principally upon which side of the road the collision occurred. The road was a two-lane highway with pavement 20 feet wide. At the time of the accident it was dark, there were snowbanks on both sides of the road, and the road was covered with hard-packed snow and ice.

Dooley testified that when he first saw the plaintiff's head-lights they were in the northbound lane, but as he approached, starting up a grade, the plaintiff's headlights came over into the southbound lane; that he immediately cut or angled his tractor to the right into a snowbank and stopped, and that the plaintiff's car, partially in the southbound lane, struck the left front bumper of the tractor and bounced back into the north-bound lane and caught fire. The plaintiff could not testify as to the actual collision or the location of the vehicles at the time of the collision because of amnesia suffered as the result of injuries sustained in the accident, which completely destroyed her memory and recollection as to the immediate events sur-rounding the impact. It is medically established that her injuries were a competent producing cause of the amnesia. Consequently, we have only one of the two actors involved in an accident who can testify from personal observation.

Appellants urge in their brief that the plaintiff never saw the tractor-trailer; did not know where within the highway the collision occurred, when in fact the record clearly discloses that her testimony was that she could not recall seeing the tractor-trailer, or recall where the collision occurred, which is quite a different thing in view of her undisputed loss of memory as the result of physical trauma in the accident.

It is to be noted that appellants do not seek a new trial or urge the weight of evidence, but assert only that there is no evidence of negligence on the part of Dooley to justify submis-sion of the case to the jury, and that appellants ask for dismissal of the complaint.

It is quite obvious that the jury rejected Dooley's testimony, because the court charged in clear and unequivocal language that if the tractor-trailer was on its own side of the highway and that plaintiff's car crossed the center line and struck it, '' your verdict should be for no cause of action.''

There is at least some analogy between the situation here and that in the case where one of the drivers was killed in an acci-dent, the only difference being that the version of one as to what happened is left untold because of death, and in this case the narrative is destroyed by the amnesia. Under such circum-stances we should closely scrutinize whatever other evidence there may be which will shed light upon the manner in which the accident occurred.

Plaintiff was able to testify that the last she remembered, '' just before the impact '', she was proceeding on her own side of the highway at about 25 miles per hour. There is testimony of disinterested witnesses that after the accident and before the

vehicles had been moved plaintiff's car was entirely on its own side of the road and partly on the shoulder on that side; that the left rear wheel of the trailer was two inches west of the center line, and the left rear tractor wheel was "very close" to the center line, although Dooley had testified that he pulled sharply to the right when the plaintiff was some distance away. There is also disinterested testimony that all of the debris, consisting of chunks of rust and grease, big chunks of snow and ice and a piece of chrome, were in the plaintiff's northbound lane about in the center of the lane and a few feet away from plaintiff's car as it came to rest after the accident. Dooley did not contradict the location of this debris. The tractor was 18 feet long and 7 feet 11 inches wide and weighed 12,700 pounds. The trailer, which was empty, weighed 14,680 pounds and was approximately 35 feet long and 8 feet in width. Dooley testified that he had been traveling at about 35 miles per hour prior to seeing plaintiff's car on his side of the road.

In these circumstances we think the jury was entitled to weigh the physical evidence found after the accident against the uncorroborated testimony of Dooley, and by weighing the probabilities to reconstruct the happening of the accident. It would be proper for a jury to consider the size and weight of the vehicles; their location after the accident; the location of the debris; Dooley's freedom to testify without fear of direct contradiction, and all of the surrounding facts and circumstances. Unless there be no evidence whatever which could be considered as demonstrating negligence on the part of the defendant, the plaintiff should not be deprived of the right to have a jury pass upon the question of negligence simply because, by virtue of physical injuries, she is unable to testify as to personal observations. We do not think the trial court erred in denying the motion for nonsuit and in submitting the case to the jury.

The judgment should be affirmed, with costs to respondent.

BERGAN, P. J., HERLIHY, REYNOLDS and TAYLOR, JJ., concur.

Judgment affirmed, with costs to respondent.