■ WILLIAM B. HURDER, Appellant, v. SAMUEL KOSOFF & SONS, INC., Respondent.— Judgment unanimously reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event. Memorandum: Appellant was injured while on premises on which he was to perform services for a subcontractor after the arrival of certain materials on the job site. He contends that he was lawfully upon the premises as an invitee and that defendant, therefore, owed him the duty to have covered an open trench into which he fell. The trial court granted respondent's motion for a nonsuit at the close of all of the evidence on the grounds that appellant "was not lawfully on the premises" and that, furthermore, he "was guilty of contributory negligence as a matter of law". There is sufficient proof in this record to have required submission to the jury of the questions of appellant's status and contributory negligence. Appellant was entitled to every reasonable inference which could be drawn from the evidence including the question of credibility, which the court in his statement on the granting of the nonsuit indicated he decided adversely to appellant. (*Bowers* v. *City Bank Farmers Trust Co.*, 282 N. Y. 442, 444, 445; cf. *Knapp* v. *Fulton County Nat. Bank & Trust Co. of Gloversville*, 6 A D 2d 742.) The refusal of the trial court to have submitted the case to the jury for its resolution makes a new trial necessary. (Appeal from judgment of Onondaga Trial Term dismissing the complaint in a negligence action.) Present — Williams, P. J., Bastow, Goldman and Henry, JJ.

■ KOSTKO KACZMARSKIJ, Appellant, v. GEORGE L. MATTIL, Respondent. — Judgment and order unanimously affirmed, without costs of this appeal to either party. Memorandum: The verdict of the jury is amply supported by the evidence. It was error to receive that portion of the police report containing a statement attributed to three witnesses which was offered to impeach the credibility of only one witness. The report was objectionable in that it also bolstered the testimony of the other two witnesses, and this portion could not be separated from the part which was offered for impeachment purposes. Furthermore, the officer could have been called to testify to the prior inconsistent statement of the particular witness. We also feel that the court should have instructed the jury that the prior inconsistent statement of the witness was not to be considered as evidence of its truth but only as evidence which might tend to impeach the credibility of the witness. We conclude, however, that none of the errors adversely affected a substantial right of the plaintiff, and affirm pursuant to CPLR 2002. (Appeal from judgment of Monroe Trial Term dismissing the complaint, in an automobile negligence action; also appeal from order denying motion for a new trial.) Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.

■ CHARLES E. VANYO, Respondent, v. WAYNE SALISBURY, Appellant.— Judgment affirmed, with costs. All concur, except Williams, P. J., who dissents and votes for reversal and a new trial on the ground that the finding that the plaintiff was not guilty of contributory negligence was against the weight of evidence. (Appeal from judgment of Erie Trial Term for plaintiff in an automobile negligence action.) Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.