■ THOMAS H. FACTEAU, Appellant-Respondent, v ARTHUR WENZ, JR., et al., Respondents-Appellants. — Cross appeals (1) from an order of the Supreme Court, entered May 18, 1979 in Columbia County, setting aside a verdict in favor of plaintiff rendered at a Trial Term, and granting a new trial, and (2) from an order of said court, entered June 25, 1979 in Columbia County, which denied defendants' motions, made at the close of plaintiff's case and again at the close of the entire case, to dismiss the complaint. This is an action for personal injuries arising out of an accident which occurred on July 6, 1973 in the Town of Kinderhook, Columbia County. Plaintiff was operating his motorcycle in a southerly direction on Route 203 and collided with an automobile owned by defendant Katherine Wenz and operated by her brother, defendant Arthur Wenz, Jr. At the time of the accident the Wenz vehicle was headed east on Parker Hall Road at or near the "T" intersection formed by Route 203 and Parker Hall Road. After a trial, the jury returned a verdict in favor of plaintiff and the court set the verdict aside and ordered a new trial on the ground it was contrary to the weight of the evidence. The court also concluded that he had erroneously charged the jury regarding the "emergency doctrine". Plaintiff testified that he was proceeding some 40 to 50 miles an hour on Route 203 just prior to the intersection but had no further recollection of the events preceding the collision or of the collision itself. He offered medical proof that he was suffering from a posttraumatic amnesia and proof that he was not intoxicated at the time of the accident. There was further proof that seconds before the accident another vehicle passed through the intersection and did not see defendant's vehicle. Defendant driver testified, and this was corroborated by the passenger-owner of the vehicle, that he stopped for the stop sign a short distance behind the stop line. He also offered proof that plaintiff was intoxicated. We agree with the trial court that it erred in charging the "emergency doctrine". Plaintiff based his entitlement to such a charge on the assertion that circumstantially the proof established that defendant failed to stop for the stop sign requiring plaintiff to pull to the right to avoid hitting defendant. In our view, there was no evidence, physical or by testimony, to support the inference that an unexpected emergency situation existed. Consequently, the emergency rule should not have

been charged (see *Estes v Town of Big Flats,* 41 AD2d 681). We are also of the view that the court properly set the verdict aside and ordered a new trial. While plaintiff had the burden of proof to establish negligence on the part of defendants and his own freedom from contributory negligence, the burden in the instant case was lesser in light of his amnesia (*Cameron v Dooley,* 18 AD2d 130). Considering the record in its entirety, a dismissal of the complaint was not warranted (*Markel v Spencer,* 5 AD2d 400, affd 5 NY2d 958). A setting aside of the verdict, however, was within the court's discretion in balancing many factors (*Cohen v Hallmark Cards,* 45 NY2d 493). Such a determination by the trial court is to be viewed liberally (*Mann v Hunt,* 283 App Div 140) and should not be disturbed unless it is found to be unreasonable or where the court has impermissibly interfered with the jury's fact-finding function (*Ellis v Hoelzel,* 57 AD2d 968). Based on the instant record, such factors are not here present. The orders, therefore, should not be disturbed. Orders affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Herlihy, JJ., concur.