■ Eva L. Roe, Individually and as Administratrix of the Estate of Irving H. Roe, Deceased, Appellant, v Patricia Brown et al., Respondents. — Appeal from an order of the Supreme Court at Trial Term, entered May 7, 1980 in Schenectady County, setting aside a jury verdict in favor of plaintiff and dismissing the complaint. Subsequent to a jury verdict in favor of the plaintiff, the trial court granted defendants' motion, pursuant to CPLR 4404, to set the verdict aside and dismissed the complaint. The correctness of that determination is the subject of this appeal. The issue is whether the verdict of the jury is supported by a rational evidentiary basis (Aetna Cas. & Sur. Co. v Garrett, 37 AD2d 750, 751). In order to grant the motion, the trial court must accept as true all of the evidence offered by the party against whom the motion is made and must also extend to that party the benefit of every reasonable inference that can be drawn from the evidence (Hurder v Kosoff & Sons, 23 AD2d 804). Where, as here, the plaintiff's decedent dies before trial, an evidentiary void is created (Farrell v State of New York, 46 AD2d 697) and the decedent, who is himself unable to present proof, is entitled to have his case determined by the jury "Unless there be no evidence whatever which could be considered as demonstrating negligence on the part of the defendant" (Cameron v Dooley, 18 AD2d 130, 132). The proof herein contains no evidence to support the plaintiff's case, either from car position, eyewitness testimony or physical evidence, with the possible exceptions of the testimony of the investigating State Police officer and of the defendant herself. Initially, the State trooper testified that he observed debris and tire marks in the plaintiff's lane only. Subsequent to this testimony the trooper, upon reflection and still in the course of his direct testimony, corrected his apparent misstatement and testified that the debris and tire marks were found in the defendant's lane. The defendant herself originally stated that her car "was to the left of the center line" as she proceeded easterly in the right-hand lane of the road. However, in answer to the very next question, she stated, "Oh, I'm sorry, there was a center line and I was well in my lane with the center line on my left". Both of these witnesses having quickly and unequivocally corrected their original statements and having settled upon testimony from which no inference of defendant's negligence could be drawn, there remains no reasonable view of the evidence to support the jury's verdict in favor of plaintiff. Accordingly, the trial court properly granted defendants' motion to set aside the verdict. Order affirmed, with costs. Mahoney, P.J., Casey, Mikoll and Yesawich, Jr., JJ., concur.