■ BERNARD MEIZLIK, Doing Business as SUBURBAN TAILOR SHOP, et al., Appellants, v BENDERSON DEVELOPMENT Co., INC., et al., Respondents.— Judgment in favor of Benderson Co., Inc., unanimously reversed and jury verdict in favor of plaintiffs reinstated and otherwise judgment affirmed, with costs to plaintiffs against Benderson Co. Memorandum: Plaintiffs and defendant Wayside Nursery, Inc. (Wayside) were tenants of defendant Benderson Development Co., Inc. (Benderson) in a commercial building in the Town of Amherst. On November 3, 1968 the structure was destroyed by

fire. Plaintiffs brought this action alleging negligence on the part of Benderson in failing properly to secure a shed at the rear of the building so as to prevent children from starting paper fires in the shed and on the part of Wayside in storing swimming pool equipment, garden supplies and Christmas decorations in its portion of the building in violation of local fire ordinances. The case was tried before a jury in Supreme Court, Erie County, and at the close of the plaintiffs' proof their cause of action against Wayside was dismissed. The jury returned a verdict in favor of plaintiffs against Benderson, but the court set it aside on the ground that there was insufficient proof that Benderson's failure to enclose the shed was the proximate cause of the fire. The appendix method was used on this appeal and, consequently, we do not have the entire record before us. The portion that we do have indicates that the court's dismissal as to Wayside was proper. Not only was there no evidence of a causal relationship between the items stored by Wayside and the fire, but there was no proof that those items were flammable. In considering whether the court properly set aside the verdict, we must view the evidence before us most favorably to the plaintiffs and may disturb the jury's finding only where it can be found that the jury could not have reached the verdict it did "on 'any fair interpretation of the evidence' " (Lee v Lesniak, 40 AD2d 756). The evidence shows that the fire was started by children playing in the shed; that children had ignited small fires in the shed on previous occasions; that these prior incidents had been called to Benderson's attention and that Benderson had neglected to replace a door on the shed to keep the children out. The question of whether a defendant's conduct was the proximate cause of a plaintiff's injury is generally one for the jury (Prosser, Torts [4th ed], § 45). It is only when the evidence shows that it is just as likely that the accident might have occurred from causes other than the defendant's negligence, that the inference that his negligence was the proximate cause may not be drawn (Cole v Swagler, 308 NY 325). Here the evidence was strong enough that the jury could properly infer that the fire was started by intruders and that Benderson's negligence in failing to secure the shed was a substantial factor in their gaining entry (Sherman v Concourse Realty Corp., 47 AD2d 134). (Appeal from judgment of Erie Supreme Court in negligence action.) Present —Marsh, P. J., Moule, Cardamone, Simons and Mahoney, JJ.