■ JANE HIRSCH, as Executrix of ELLEN HIRSCH, Deceased, et al., Appellants, v ROY GRAEBER, Individually and as Executor of ANDREW BRAUN-SCHEIDLE, Deceased, Respondent.—Judgment unanimously reversed, with costs, and verdict reinstated, Simons, J., not participating. Memorandum: Testatrix died when a fire occurred in her third-floor apartment in defendants' premises. There was evidence that defendants maintained the apartment in violation of the ordinances of the City of Buffalo and the Multiple Dwelling Law, with respect to entrances, exits and fire escapes; that on January 8, 1974 a fire of unproved origin occurred in this apartment; that the attention of a passing police officer was called to it, and making his way to the apartment through heavy smoke and intense heat, he found testatrix lying on the floor near the stairway and brought her out; and that she was dead on arrival at the hospital. The court reserved decision on the motions to dismiss the action for lack of proof of proximate cause between the violations of the housing laws and regulations and testatrix' death, and submitted the case to the jury which returned a verdict for the executrix in the sum of $25,000. The court set aside the verdict on the ground that the failure to prove proximate cause between the violations and the death, resulted in a lack of proof that defendants were responsible for the fire. The lack of proof that defendants were responsible for the fire is not ground for setting aside the verdict. In Joyce v Rumsey Realty Corp. (17 NY2d 118, 122) Judge Desmond wrote, "That plaintiff was caused to fall by the breaking of a plank is beside the point. No one is ever physically injured by the existence of an unguarded opening. Something must project him into the hole but that something cannot be more than a concurrent cause of the injury." The evidence that testatrix' body was found near the stairway indicates that she was trying to escape from the fire. In an action for wrongful death, plaintiff's burden of proof is less onerous than where the injured party is alive and able to testify (Noseworthy v City of New York, 298 NY 76, 80). In the circumstances of this case, whether the violations of ordinances and multiple dwelling laws were a proximate cause of the death was for the jury (see Bolte v City of New York, 22 NY2d 817; Meizlik v Benderson Dev. Co., 51 AD2d 676; 1 NYPJI 207). The court erred, therefore, in setting aside the verdict for lack of proof of proximate cause. Thus, the verdict must be reinstated without modification unless it be deemed excessive. In light of the evidence herein of the weekly assistance that testatrix, 46 years old and unmarried, was giving to her somewhat incapacitated sister Jane, and the fact that she had another sister and brother older than

she, we cannot conclude as a matter of law that it was excessive *(Gross v Abraham,* 306 NY 525, 529–531; *Countryman v Fonda, Johnstown & Gloversville R. R. Co.,* 166 NY 201, 208–210; *White v Coyle Wrecking & Lbr. Corp.,* 279 App Div 822; *Walther v News Syndicate Co.,* 276 App Div 169, 175–177; *Weir v Cosmopolitan Carriers,* 249 App Div 758; *Winant v City of New York,* 67 NYS2d 662, affd 271 App Div 883; 11 NY Law of Damages, §§ 1183–1184; 2 NYPJI 683–684). (Appeal from judgment of Erie Supreme Court—negligence.) Present—Cardamone, J. P., Simons, Mahoney, Dillon and Witmer, JJ.