OPINION OF THE COURT
Nicholas A. Clemente, J.
Plaintiff commenced this action seeking to recover damages for wrongful death and personal injuries against defendants Kings Highway Hospital, Howard Bleier and Lawrence Batt. All defendants are represented by the same law firm, Wilson, Elser, Moskowitz, Edelman & Dicker (Wilson, Elser).
This law firm served separate pleadings for each client and included with the Bleier answer on November 27, 1987 a demand for a bill of particulars. Subsequently and on December 11, 1987, it included with the hospital’s answer a demand for interrogatories.
Plaintiff now moves by order to show cause for a protective *95 order vacating the interrogatories and/or the demand for a bill of particulars both served by the Wilson, Elser law firm although on behalf of different defendants and/or alternatively, disqualifying the aforementioned firm.
This motion involves the application of CPLR 3130 (1), which provides the following: "1. Except as otherwise provided herein, after commencement of an action, any party may serve upon any other party written interrogatories. Except in a matrimonial action, a party may not serve written interrogatories on another party and also demand a bill of particulars of the same party pursuant to section 3041. In the case of an action to recover damages for personal injury, injury to property or wrongful death predicated solely on a cause or causes of action for negligence, a party shall not be permitted to serve interrogatories on and conduct a deposition of the same party pursuant to rule 3107 without leave of court.”
While not definitively stated, it appears to be plaintiff’s position that Wilson, Elser cannot request a bill of particulars and interrogatories on behalf of different defendants, because representation by the same attorneys indicates a unity of interest requiring both defendants to be regarded as one. Thus, plaintiff argues, each defendant has in effect requested both a bill of particulars and interrogatories, which is proscribed by CPLR 3130 (1).
Tangentially, plaintiff argues that Wilson, Elser has propounded the interrogatories and will in the future probably require an examination before trial. Therefore, the defendants via Wilson, Elser will, in effect, be propounding interrogatories upon and attempting to conduct an examination before trial of the same party, all without leave of the court — a leave which is needed under CPLR 3130.
In opposing the motion, defendants contend that it has not been brought within the 10-day time limit of CPLR 3133. Despite the motion not having been timely, I do not find that point determinative. It has been held that if the objection to an interrogatory involves material privileged under CPLR 3101 or 3103, such objection may be considered even if not timely brought (Long Is. Region Natl. Assn. for Advancement of Colored People v Town of N. Hempstead, 94 AD2d 789; Rinaldo v Syracuse Univ., 51 AD2d 675). Similarly, if defendants’ interrogatories are statutorily prohibited under CPLR 3130, the time limitation of CPLR 3133 would not preclude objections being made to them even more than 10 days after *96 their service. In any event, I find that plaintiff is entitled to relief under CPLR 3130.
Examination of subdivision (1) of CPLR 3130 shows that it speaks of any party serving interrogatories. The second sentence of the subdivision indicates that a party may not serve interrogatories upon another party and also demand a bill of particulars of that other party. No questions regarding the prohibitions of CPLR 3130 may arise, of course, when different defendants are represented by different attorneys and it is true, at bar, that different party defendants have sponsored different procedures which would ordinarily be permissible (Siegel, 1979 Supplementary Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3130:3, 1988 Pocket Part, at 362). It can also be well argued that an action is a contest of parties rather than attorneys and that CPLR 3130 does not specifically prohibit what defendants seek to do here (cf., Seldin v Nassau County Med. Center, 94 AD2d 701; Cimino v Firestone Tire & Rubber Co., 59 Misc 2d 1040). Notwithstanding these factors, I find the most compelling circumstance to be the fact that these defendants are represented by the same attorneys.
While seemingly never directly addressed in the context of CPLR 3130, the issue here presented has arisen in the context of CPLR 4109. Such section provides in part, "Each party shall have three peremptory challenges plus one peremptory challenge for each alternate juror”.
In Cadwalader, Wickersham & Taft v Associated Bldrs. & Owners of Greater N. Y. (125 Misc 2d 827, 829) Justice Dontzin, in interpreting CPLR 4109, stated,
"While CPLR 4109 does not spell out hoc verba that where there are several parties to a lawsuit on one side, they may be considered to be a 'single party’ where there is a unity of interest, a fair and logical construction of the statute leads to that interpretation * * * Indeed, it appears that it is customary under our New York statute to define multiple parties on one side as a single party, where they have common or a unity of interests. (See 4 Weinstein-Korn-Miller, NY Civ Prac, par 4109.05, p 41-158; Downey v Finucane, 205 NY 251, 253.) * * *
"Absent a showing of prejudice, which has not been demonstrated here, the so-called single party rule clearly is desirable from the standpoint of practicality, convenience, and fair use of judicial resources, not to say, of course, time.”
*97 Similarly here the hospital and Bleier must be considered a "single party”. Such view is mandated by the very fact that they have seen fit to retain the same attorneys to defend them clearly evidencing that they have a unity of interest. Once defendants are regarded as a single party for purposes of CPLR 3130, it becomes apparent that the discovery procedures they have adopted by serving a demand for a bill of particulars and propounding interrogatories is impermissible (cf., Berlin v Vassar Bros. Hosp., 123 Misc 2d 90).
Further support for this view is provided by the nature of the attorney-client relationship. In our legal system, an attorney is his client’s agent and, like any other principal, a client may be bound and charged with the acts of his agent (Prate v Freedman, 583 F2d 42, 48). Hence, each defendant, the hospital and Bleier, is charged with the actions of Wilson, Elser. Considered otherwise each defendant via Wilson, Elser has served plaintiff with both a demand for a bill of particulars and interrogatories which, of course, is contrary to the clear dictate of CPLR 3130.
Accordingly, the motion is granted to the extent that the demand for a bill of particulars and interrogatories are vacated. Pursuant to CPLR, defendants must choose which of the two they wish to serve upon plaintiff, or alternatively, decide to seek separate counsel.