■ JOHN R. PATTERSON, Appellant, v CARDIO-THORACIC ASSOCIATES OF WESTERN NEW YORK, P. C., et al., Respondents.—Judgment unanimously affirmed without costs. Memorandum: Plaintiff appeals from a judgment entered upon a jury verdict of no cause of action for medical malpractice. The jury found that the surgeon was negligent in failing to remove a sponge following debridement of plaintiff's surgical wound, but that this negligence was not the proximate cause of plaintiff's injuries.

Although plaintiff's experts testified that plaintiff's infection was aggravated by the presence of the sponge, defendants' experts disagreed and testified that the sponge did not affect the course of the infection, which existed before the placement of the sponge. Thus, there was ample evidence in support of the jury verdict that the surgeon's negligence did not proximately cause plaintiff's injuries. There was no evidence of any negligence on the part of the hospital. Plaintiff's damages, if any, resulting from removal of the sponge were de minimis.

Plaintiff's contentions regarding the court's charge do not require reversal. Plaintiff was not prejudiced by the court's failure to charge res ipsa loquitur with respect to the surgeon because the jury found that he was negligent. Plaintiff did not object to the court's charge on proximate cause, which was proper in any event. The court properly denied plaintiff's request to charge that a violation of a hospital rule is some act of negligence because there was no evidence that any hospital employee violated the rule regarding changing of sterile dressings (see, Tober v Mount Sinai Hosp., 149 AD2d 692, 694). Lastly, the court's charge regarding an "error of judgment" of a physician (see, PJI 2:150) was appropriate with respect to plaintiff's release from the hospital and muscle flap surgery. (Appeal from Judgment of Supreme Court, Erie County, Gorski, J.—Medical Malpractice.) Present—Callahan, A. P. J., Doerr, Boomer, Green and Davis, JJ.