■ Julio Gomez, Appellant, v John Doe, Defendant, and Avis Rent-A-Car System, Inc., Respondent. [647 NYS2d 27] —In an action to recover damages for personal injuries, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Held, J.), dated August 22, 1995, which set aside a jury verdict in his favor and dismissed the complaint.

Ordered, that the order and judgment is reversed, on the law and on the facts, with costs, the complaint is reinstated, and a new trial is ordered.

The plaintiff testified that he was struck by a vehicle bearing license plate number ZHH 288. The plaintiff's complaint, in paragraph "3" thereof, alleges that a vehicle bearing this license plate number was owned by the defendant Avis Rent-A-Car System, Inc., and this allegation is not denied in the defendant's answer. The plaintiff's testimony tended to show that the offending vehicle was being operated in a negligent manner and that such negligence contributed to the collision. The jury returned a verdict in favor of the plaintiff. Nonetheless, the Supreme Court set aside the verdict and directed that judgment be entered in favor of the defendant as a matter of law. We reverse and grant a new trial.

Viewing the evidence in the light most favorable to the plaintiff, we conclude that he established a prima facie case of liability, and that it was therefore error to set aside the verdict and dismiss the complaint *(see generally, Cohen v Hallmark Cards,* 45 NY2d 493; *Nicastro v Park,* 113 AD2d 129). However, we also find that the defendant's evidence, which tends to show that the car which in fact bore the license plate referred to by the plaintiff could not have been involved in the collision, is of such quantity and quality as to render the jury's verdict contrary to the weight of the credible evidence. The proper remedy for this is to award a new trial *(see,* CPLR 4404 [a]; *Cohen v Hallmark Cards, supra; Nicastro v Park, supra).* Bracken, J. P., Copertino, Pizzuto and Goldstein, JJ., concur.