■ Marian Majcher et al., Respondents, v Federal Machine Company, Appellant and Third-Party Plaintiff-Respondent. Moench Tanning Company, Inc., Third-Party Defendant-Appellant. [651 NYS2d 795] —Order unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Supreme Court erred in granting that part of plaintiffs' cross motion to preclude defendant's use of the affidavits and testimony of a witness. The record fails to establish that defendant willfully failed to disclose the existence of that witness to support a preclusion order (see, CPLR 3126 [2]). Defendant's counsel advised the court and plaintiffs' counsel of the existence of the witness within five days of meeting with him and determining that he possessed evidence material to the case. Because the late disclosure of the witness caused delays with accompanying costs being suffered by plaintiffs, we remit the matter to Supreme Court before a different Justice to consider the imposition of monetary sanctions against defendant or third-party defendant, if the court deems it appropriate.

We further conclude that the court properly denied defendant's motion for summary judgment dismissing the complaint. The conflicting testimony of defendant's president and the witness whose affidavits and testimony plaintiffs sought to preclude at least arguably raise questions of fact concerning the configuration of the machine at the time of the accident, precluding summary judgment (see generally, Zuckerman v City of New York, 49 NY2d 557, 562).

Plaintiffs concede that they are not entitled to partial summary judgment if preclusion is denied and thus that part of their cross motion also must be denied. Furthermore, because plaintiffs are not entitled to partial summary judgment, the court erred in sua sponte granting summary judgment to defendant in its third-party action. Consequently, we modify the order by denying the cross motion and denying summary judgment to defendant in the third-party action. (Appeals from Order of Supreme Court, Chautauqua County, Gerace, J.—Summary Judgment.) Present—Denman, P. J., Lawton, Callahan, Balio and Boehm, JJ.