■ RANDEE M. QUISTBERG, Individually and as Parent and Natural Guardian of JENELLE A. QUISTBERG, an Infant, et al., Respondents, v JONATHAN E. DUNN, Appellant. [661 NYS2d 562] —Order unanimously affirmed with costs. Memorandum: Supreme Court properly granted plaintiffs' motion to set aside the verdict and for a new trial unless defendant agreed to increase the award to plaintiff Randee M. Quistberg for past and future pain and suffering and to plaintiff Brian A. Quistberg for past pain and suffering and loss of services and society. It is well established that the trial court "may set aside a verdict or any judgment entered thereon and direct that judgment be entered in favor of a party entitled to judgment as a matter of law or it may order a new trial of a cause of action or separable issue where the verdict is contrary to the weight of the evidence" (CPLR 4404 [a]; see, Micallef v Miehle Co., 39 NY2d 376, 381). The court's determination is viewed liberally on appeal and accorded great respect (see, Nicastro v Park, 113 AD2d 129, 137). Here, the court considered the undisputed testimony of plaintiffs and their medical experts regarding the extent of the injuries they suffered in an automobile accident and concluded that the verdict could not have been reached on any fair interpretation of the evidence (see, Grassi v Ulrich, 87

NY2d 954, 956). (Appeal from Order of Supreme Court, Erie County, Glownia, J.—Set Aside Verdict.) Present—Denman, P. J., Green, Callahan, Balio and Boehm, JJ.