■ JAMES OUBRE, Individually and as Father and Natural Guardian of SARAH OUBRE, an Infant, Respondent-Appellant, v ROBERT E. CARPENTER et al., Respondents, MILLARD FILLMORE HOSPITAL et al., Appellants-Respondents, and JOHNNY REYES, Appellant, et al., Defendants. (Appeal No. 1.) [661 NYS2d 346] —Order unanimously affirmed without costs. Memorandum: Supreme Court did not err in granting a new trial against defendant Johnny Reyes, M.D., and against defendants Millard Fillmore Hospital and Millard Fillmore Suburban Hospital (collectively Hospital) on the basis of vicarious liability based upon the alleged negligence of Dr. Reyes. Viewing the evidence, as we must, in the light most favorable to Dr. Reyes and the Hospital (*see, Meizlik v Benderson Dev. Co.,* 51 AD2d 676, 677), we conclude that the court's finding that the verdict with respect to those defendants is contrary to the weight of the evidence is not unreasonable, and thus "we will not intervene to reverse that finding" (*Kuncio v Millard Fillmore Hosp.,* 117 AD2d 975, 976, *lv denied* 68 NY2d 608).

By failing to move for a mistrial on the ground that he was denied a fair trial by the improper trial tactics of Dr. Reyes' attorney, plaintiff has failed to preserve that issue for our review (*see, Mussari v Davidson,* 93 AD2d 996).

There is no merit to the contention of plaintiff that the court erred in granting defendants a total of 15 peremptory challenges and allowing him only six peremptory challenges. Defendants here were not so united in interest to be considered a single party (*see, Koperda v Town of Whitestown,* 224 AD2d 944; *Liemer v Kings Highway Hosp. Ctr.,* 140 Misc 2d 94, 96-97).

The court did not err in denying plaintiff's request to charge that, if the jury found that the Hospital policy requiring the use of an electric fetal monitor during premature labor was violated, it could consider that violation as some evidence of negligence. The evidence establishes that the attending obstetricians, who were not employees of the Hospital, ordered

the discontinuance of the continuous fetal monitor the day before plaintiff's daughter was born. In the absence of proof that a Hospital employee violated that Hospital policy, the request to charge was properly denied (*see, Patterson v Cardio-Thoracic Assocs.,* 177 AD2d 934).

Plaintiff failed to appeal from the order settling the record, and we therefore do not address the issue raised by plaintiff with respect to that order.

We have considered the remaining contentions raised on appeal and conclude that they are without merit. (Appeals from Order of Supreme Court, Erie County, Gossel, J.—New Trial.) Present—Green, J. P., Pine, Lawton, Boehm and Fallon, JJ.