■ GLORIA C. FLOREZ, Respondent, v CATALINA DIAZ, Appellant. [663 NYS2d 620] —In an action to recover damages for personal injuries, the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Rappaport, J.), dated October 2, 1996, as granted the plaintiff's motion for partial summary judgment on the issue of liability and denied her cross motion for summary judgment dismissing the complaint on the ground that the plaintiff failed to sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff established a prima facie case of negligence through evidentiary proof that the defendant's vehicle struck the rear end of the plaintiff's vehicle while it was stopped for a red light (see, Pfaffenbach v White Plains Express Corp., 17 NY2d 132, 135; Leal v Wolff, 224 AD2d 392; Gambino v City of New York, 205 AD2d 583). The defendant failed to rebut the

inference of negligence created by the unexplained rear-end collision (*see, Carter v Castle Elec. Contr. Co.*, 26 AD2d 83, 85). Thus, the Supreme Court properly granted the plaintiff's motion for partial summary judgment on the issue of liability.

Furthermore, there is an issue of fact as to whether the plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d). The doctor's affirmation submitted in opposition to the defendant's cross motion for summary judgment stated that the plaintiff suffers from disc bulges along her spine at C5-C6, C6-C7, and L4-L5, with an attendant 33.33% loss of motion in her cervical spine and neck, and a 50% loss of motion in her lower back. The treating physician's conclusion was based on his review of Magnetic Resonance Imaging films and X-rays. The plaintiff's evidence raised a triable issue of fact as to the existence of a serious injury, which is for the jury to determine (*see, Puma v Player*, 233 AD2d 308; *Zalduondo v Lazowska*, 234 AD2d 455; *Mariaca-Olmos v Mizrhy*, 226 AD2d 437; *Flanagan v Hoeg*, 212 AD2d 756; *Jackson v United Parcel Serv.*, 204 AD2d 605). Miller, J. P., Ritter, Sullivan, Santucci and McGinity, JJ., concur.