■ Toni J. Reichmann, Appellant-Respondent, v John A. Ilardi, Respondent-Appellant. [667 NYS2d 958] —In an action to recover damages for chiropractic malpractice, the plaintiff appeals from an order of the Supreme Court, Nassau County (Davis, J.), dated January 24, 1997, which granted that branch of the defendant's motion pursuant to CPLR 4404, made at the close of trial, to set aside a jury verdict in favor of the plaintiff, and ordered a new trial on all of the issues, and the defendant cross-appeals from so much of the same order as denied that branch of his motion which was to dismiss the plaintiff's complaint and enter judgment in his favor.

Ordered that the order is affirmed, without costs or disbursements.

Viewing the evidence in the light most favorable to the plaintiff, we conclude that there was some evidence that the defendant's alleged negligence resulted in the onset of cauda equina syndrome. However, we also find that the defendant's evidence, which tended to show that his alleged negligence was not the cause of the plaintiff's condition, was of such quantity and quality as to render the jury's verdict contrary to the weight of the credible evidence and, therefore, the Supreme Court properly ordered a new trial (*see, Gomez v Doe*, 230 AD2d 892). Miller, J. P., Sullivan, Pizzuto and Florio, JJ., concur.