■ SHARON MYRICK, Respondent, v ROBERT W. BONTER et al., Appellants. [672 NYS2d 193] —Order unanimously reversed in the interest of justice without costs and new trial granted in accordance with the following Memorandum: Although Supreme Court apparently thought that the parties had stipulated that defendant Robert W. Bonter was negligent, that his negligence was the proximate cause of an injury to plaintiff that necessitated back surgery, and that plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d), both parties' attorneys in opening and summation raised the issues of causation and serious injury. Plaintiff's attorney argued that the six weeks after surgery that plaintiff spent in a SOMI brace constituted a significant limitation of use of a body function or system and, thus, that plaintiff had sustained a serious injury. Defendants' attorney conceded that the jury need not determine fault but argued that the accident did not cause plaintiff's need for surgery. Further, both parties offered proof concerning causation. Although the court charged the jury that it need only decide the question of damages, the first question on the verdict sheet was whether, as a result of the accident, plaintiff had sustained a significant limitation of use of a body function or system. That question was followed by questions regarding the amounts awarded for past and future damages. The court declined to instruct the jury to stop deliberating after the first question if it answered that question in the negative.

The jury answered the first question in the negative and returned verdicts of zero on both damages questions. The jury was directed twice to deliberate further to make awards for

damages as if it had answered the first question "yes"; both times it reported that the vote was 5 to 1 for zero damages for past pain and suffering and was unanimous for zero damages for future pain and suffering. Although plaintiff renewed a motion to set aside the verdict of no serious injury as against the weight of the evidence and the award of zero damages as inadequate, the court directed a verdict that plaintiff sustained a serious injury as a matter of law and directed a new trial on damages for past pain and suffering unless defendant stipulated to an additur.

Because of the obvious difficulty that counsel and the court had with respect to the interpretation of the stipulation and the obvious confusion of the jury over the issues submitted, we reverse the order in the interest of justice (see, CPLR 4404 [a]) and grant a new trial on all issues except the negligence of defendant Robert Bonter. (Appeal from Order of Supreme Court, Monroe County, Fisher, J.—Set Aside Verdict.) Present—Pine, J. P., Wisner, Callahan, Boehm and Fallon, JJ.