Fourth Department, December, 1998

(December 31, 1998)

■ Danielle Mordino, Respondent, v Beverly J. Sutch, Appellant. [682 NYS2d 753] —Order unanimously affirmed with

costs. Memorandum: On October 6, 1993, plaintiff, a 19-year-old college student, was injured in an automobile accident. Defendant concedes liability. Plaintiff went to a hospital that day where X rays were taken and she was given pain medication, muscle relaxants and a soft collar neck brace to wear. She was seen by her family physician, took medication for pain and had some physical therapy. Because her symptoms persisted, in March 1994 she underwent an MRI, which revealed disc bulges at C3-4 and C4-5 and most significantly at C5-6. She continues to take pain medication and anti-inflammatory drugs and uses a heating pad and cervical pillows for sleeping. Since the accident, she has had limited range of motion in her neck, pain and difficulty sleeping.

The sole issue at trial was whether plaintiff sustained a serious injury within the meaning of the No-Fault Law (Insurance Law § 5102 [d]). The jury found that as a result of the accident she did not sustain a significant limitation of use of a body function or system, nor did she sustain a permanent consequential limitation of use of a body organ or member.

Supreme Court did not abuse its discretion in granting plaintiff's motion to set aside the jury verdict as against the weight of the evidence (*see,* CPLR 4404 [a]; *Nicastro v Park,* 113 AD2d 129, 137). There is uncontroverted proof in this record that an MRI of plaintiff's cervical spine reveals a disc herniation at C5-6. That is prima facie evidence of a serious injury within the meaning of the No-Fault Law (*see,* Insurance Law § 5102 [d]; *Florez v Diaz,* 243 AD2d 607; *Jackson v United Parcel Serv.,* 204 AD2d 605). Plaintiff's physicians testified that the accident was the competent producing cause of the ongoing symptoms and disability of plaintiff and that her condition is permanent. Furthermore, there is objective proof that plaintiff had a flattening of the normal curvature of the spine and limitation of motion. Defendant's expert did not refute the objective proof; his testimony merely attempted to minimize it. Although the neurological examination was normal, plaintiff's complaints of numbness in the upper extremity and limitation of motion are compatible with the disc herniation at C5-6.

The decision of the trial court to exercise its discretion and order a new trial must be accorded great respect. That court is in the best position to assess the evidence at trial and "to balance the great deference to be accorded to the jury's conclusion against the court's own obligation to see that the jury's interpretation of the evidence was fair" (*Nicastro v Park, supra,* at 137). In view of the uncontroverted proof in this case and the nature and extent of the injuries sustained by plaintiff, the

court properly exercised its discretion and ordered a new trial. (Appeal from Order of Supreme Court, Erie County, Flaherty, J.—Set Aside Verdict.) Present—Denman, P. J., Hayes, Wisner, Callahan and Boehm, JJ.