■ KRISTEN SCHMITT, Appellant, v LAURIE A. REEVES, Respondent. [710 NYS2d 541] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Underwood, J.), entered May 12, 1999, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

We agree with the Supreme Court that the defendant submitted admissible evidence demonstrating that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and that the plaintiff failed to come forward with competent evidence to create an issue of fact (*see, Scheer v Koubek,* 70 NY2d 678; *Cofsky v Hourican,* 260 AD2d 422; *Verrelli v Tronolone,* 230 AD2d 789; *Yamin v Brougham Bus Transp.,* 220 AD2d 739). Bracken, J. P., Joy, Thompson and Feuerstein, JJ., concur.

Goldstein, J., dissents and votes to reverse the order appealed from, on the law, and to deny the motion for summary judgment, with the following memorandum.

Goldstein, J. (dissenting). The Supreme Court, Suffolk

County, granted summary judgment, based upon findings that "there was no mechanism in the plaintiff's vehicle for forward movement to produce trauma to the knee," and no evidence of significant disfigurement or other permanent injury.

However, with respect to causation and the nature of the plaintiff's injury, the defendant's own physician, in a report submitted in support of the defendant's motion for summary judgment, noted that "[t]he claimant had synovitis of the right knee for which she underwent surgery four months after the accident." He candidly acknowledged that the accident aggravated the synovitis, and that "a degree of causal relationship exists with respect to the injuries sustained to the right knee which required surgery, and the accident in question."

Insurance Law § 5102 (d) sets forth nine specific categories of serious injury: a plaintiff need only establish that his or her injuries fell under one of those categories (*see, Licari v Elliott,* 57 NY2d 230). Evidence of a significant but not necessarily permanent limitation of use of a body function or system is sufficient (*see, Lopez v Senatore,* 65 NY2d 1017).

Since the defendant's own doctor acknowledged that the plaintiff's injury was casually related to the accident and warranted arthroscopic surgery, the defendant failed to establish her entitlement to judgment as a matter of law (*see, Duarte v Ester,* 247 AD2d 356; *see also, Hoffman v S. J. Hawk, Inc.,* 258 AD2d 618).

In any event, the plaintiff, in opposition to the defendant's motion, submitted, *inter alia,* an affidavit from her treating physician stating that nearly two years after the accident she underwent a second arthroscopic surgery to correct the condition caused by the accident (*see, Myrick v Bonter,* 249 AD2d 906; *Gonzalez v Brayley,* 199 AD2d 1013).

The cases cited by the majority in support of their position restate the well-established principle that subjective complaints of pain are insufficient to establish serious injury (*see, Scheer v Koubek,* 70 NY2d 678; *Verrelli v Tronolone,* 230 AD2d 789). However, in the instant case, the evidence of serious injury was based upon objective facts that surgery was not only recommended but also undertaken to relieve the plaintiff's condition (*see, Countermine v Galka,* 189 AD2d 1043).

Accordingly, summary judgment should have been denied.