■ LINDA W. MANZANO, Respondent, et al., Plaintiff, v SHARON A. O'NEIL, Appellant. (Appeal No. 1.) [727 NYS2d 231] —Judgment unanimously reversed on the law without costs, motion granted and complaint dismissed. Memorandum: On January 26, 1995, a vehicle operated by Linda W. Manzano (plaintiff) was rear-ended by a vehicle driven by defendant. Plaintiff was taken from the scene of the accident to the hospital, where she was treated for back and neck pain. X rays taken were normal, and plaintiff was released that same day. When her pain persisted, she saw her family physician and was referred to Dr. Cambareri, an orthopedist, who treated plaintiff on four occasions between June 23, 1995, and December 18, 1995. An MRI performed during that time period revealed two herniated discs in plaintiff's cervical spine. Plaintiff did not treat with any physician for back or neck problems after her last visit to Dr. Cambareri on December 18, 1995. In 1998 plaintiffs commenced this action seeking damages for plaintiff's injuries resulting from the 1995 accident. Plaintiffs alleged that plaintiff sustained a serious injury pursuant to Insurance Law § 5102 (d), i.e., a permanent consequential limitation of use of a body organ or member.

Supreme Court erred in denying defendant's motion to set aside the verdict in plaintiffs' favor on the ground that plaintiffs failed to establish that plaintiff sustained a serious injury as a matter of law. Although plaintiffs established that plaintiff suffers from two herniated discs, they failed to meet their further burden of presenting "objective evidence of the extent or degree of the alleged physical limitations resulting from this disc injury" (*Sainte-Aime v Ho,* 274 AD2d 569, 570; *see also, Rose v Furgerson,* 281 AD2d 857; *Pierre v Nanton,* 279 AD2d 621; *Noble v Ackerman,* 252 AD2d 392, 394-395). Plaintiffs' reliance upon this Court's decision in *Mordino v Sutch* (256 AD2d 1062, 1063) is misplaced. In that case, plaintiff, in addition to establishing that she suffered from a herniated disc, presented additional objective proof of injury, including a flattening of the curvature of the spine, as well as evidence of limitation of motion. To the extent that our decision in *Mordino v Sutch* (*supra*) may be read as standing for the proposition that proof of a herniated disc, without more, is prima facie evidence of a serious injury, it should no longer be followed.

Plaintiffs' proof is also deficient with respect to permanence. The testimony of Dr. Cambareri concerning the permanent nature of plaintiff's injuries was based on examinations that took place in 1995, almost five years prior to trial, and thus is insufficient to establish that plaintiff's injuries are permanent

(*see, Sauer v Marks,* 278 AD2d 301; *Marin v Kakivelis,* 251 AD2d 462; *see also, Kooblall v Morris,* 276 AD2d 595).

In light of our determination, it is unnecessary to reach defendant's contention concerning the date from which prejudgment interest on the judgment should run. (Appeal from Judgment of Supreme Court, Onondaga County, Major, J.— Negligence.) Present—Pigott, Jr., P. J., Wisner, Scudder, Kehoe and Burns, JJ.