(*see, Sauer v Marks,* 278 AD2d 301; *Marin v Kakivelis,* 251 AD2d 462; *see also, Kooblall v Morris,* 276 AD2d 595).

In light of our determination, it is unnecessary to reach defendant's contention concerning the date from which prejudgment interest on the judgment should run. (Appeal from Judgment of Supreme Court, Onondaga County, Major, J.—Negligence.) Present—Pigott, Jr., P. J., Wisner, Scudder, Kehoe and Burns, JJ.

■ LINDA W. MANZANO et al., Respondents, v SHARON A. O'NEIL, Appellant. (Appeal No. 2.) [727 NYS2d 678] —Appeal unanimously dismissed without costs (*see, Smith v Catholic Med. Ctr.,* 155 AD2d 435; *see also,* CPLR 5501 [a] [1]). (Appeal from Order of Supreme Court, Onondaga County, Major, J.—Set Aside Verdict.) Present—Pigott, Jr., P. J., Wisner, Scudder, Kehoe and Burns, JJ.

■ LINDA W. MANZANO, Respondent, et al., Plaintiff, v SHARON A. O'NEIL, Appellant. (Appeal No. 3.) [727 NYS2d 678] —Appeal unanimously dismissed without costs. Same Memorandum as in *Manzano v O'Neil* ([appeal No. 1] 285 AD2d 966 [decided herewith]). (Appeal from Order of Supreme Court, Onondaga County, Major, J.—Prejudgment Interest.) Present—Pigott, Jr., P. J., Wisner, Scudder, Kehoe and Burns, JJ.

■ MAXWELL MCCANTS et al., Individually and as Parents and Natural Guardians of AUSTIN MCCANTS, an Infant, Respondents, v MAGNOLIA B. THOMPSON et al., Respondents, and COUNTY OF ERIE, Appellant. [727 NYS2d 676] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by their infant son from exposure to lead paint while residing in premises in the City of Buffalo. The premises were owned by defendant Maryalice Laverne Hudson and managed by defendant Magnolia Boyd Thompson (collectively, landlords). Plaintiffs allege that the landlords negligently maintained the premises in a defective and dangerous condition and breached the implied warranty of habitability. They allege that defendant County of Erie (County) breached its duty to enforce State and local laws requiring removal of lead paint and was negligent in failing to enforce the correction of the lead paint violations.

The County failed to brief the issue whether Supreme Court erred in denying its motion for summary judgment dismissing the amended complaint against it and therefore has abandoned that issue (*see, Ciesinski v Town of Aurora,* 202 AD2d 984).