■ JOSEPH R. SAGGESE, Appellant, v MADISON MUTUAL INSURANCE COMPANY, Respondent. [741 NYS2d 803] —Appeal from a judgment (denominated order and judgment) of Supreme Court, Oneida County (Ringrose, J.), entered May 22, 2001, which dismissed the complaint upon a jury verdict in favor of defendant.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff submitted a claim to defendant insurer after his residence, an apartment building that he owned in Utica, was destroyed by fire. Defendant denied the claim on the ground that the fire had been intentionally set at the direction of plaintiff, and plaintiff then commenced this breach of contract action. We reject plaintiff's contention that the jury verdict in favor of defendant is not supported by legally sufficient evidence. There is a valid line of reasoning and permissible inferences that could lead a rational person to the conclusion that defendant established by clear and convincing evidence that the fire was intentionally set and that plaintiff had a financial motive to destroy the property (*cf. Van Nevius v Preferred Mut. Ins. Co.* [appeal No. 1], 280 AD2d 947; *see generally Cohen v Hallmark Cards,* 45 NY2d 493, 499). Defendant presented undisputed evidence establishing that the fire was caused by the ignition of a trail of gasoline leading up the stairs from the first floor to the third floor. In addition, the evidence established that the person accused of setting the fire was a long-standing acquaintance of plaintiff who owed him money; the value of the property was approximately one half of the insured value because of decreasing real estate values in Utica; the property was encumbered by two life estates; plaintiff knew that no one would be in the building on the night of the fire; and plaintiff arranged for a police officer to see him in Saratoga shortly after the fire, thereby creating the inference that he did not set the fire. We further reject plaintiff's contention that the verdict is against the weight of the evidence. It cannot be said here that the verdict could not have been reached upon any fair interpretation of the evidence (*see Lolik v Big V Supermarkets,* 86 NY2d 744, 746).

We reject plaintiff's contention that Supreme Court erred in permitting defendant's expert, a chemical engineer with a specialty in fire explosion and toxic exposure incidents and a

subspecialty in flame-fired appliances, including gas grills, to testify with respect to the cause of the injuries sustained by the person accused of setting the fire at plaintiff's residence. It is within the sound discretion of the trial court to determine whether a witness may testify as an expert and that determination should not be disturbed "in the absence of serious mistake, an error of law or abuse of discretion" (*Werner v Sun Oil Co.,* 65 NY2d 839, 840). Although the evidence established that the odor of gasoline was detected on the person accused of setting the fire, that person maintained that the burns he sustained, including to his face and hands, resulted from a "flashback" explosion of propane when he tried to light his gas grill. Defendant's expert testified that propane is odorless while gasoline is not; gasoline vapors travel downward and when ignited create a fireball; gasoline vapors cling to skin and propane vapors do not; and an explosion caused from lighting a gas grill in the way described by the injured person would last only a fraction of a second and would not cause the burns sustained by him, nor would it heat the grill sufficiently to burn his legs, as he maintained.

We further conclude that the court did not abuse its discretion in refusing to permit the treating physician of the person accused of setting the fire to testify. Plaintiff called that witness on the fourth day of the trial and had failed to comply with the court's expert disclosure order by disclosing the existence of that witness (*see* CPLR 3101 [d]; *cf. Rook v 60 Key Ctr.,* 239 AD2d 926, 927; *Majcher v Federal Mach. Co.,* 234 AD2d 921). We have considered plaintiff's remaining contention and conclude that it is without merit. Present—Pigott, Jr., P.J., Hayes, Wisner, Scudder and Kehoe, JJ.