■ CHARLES J. CARLO, Appellant, v LYNN LADDER AND SCAFFOLDING COMPANY, INC., Defendant, and NORTH END REPAIR, INC., Respondent. [765 NYS2d 692] —Mugglin, J. Appeal from an order of the Supreme Court (Dawson, J.), entered July 16, 2002 in Clinton County, which denied plaintiff's motion to set aside a verdict in favor of defendant North End Repair, Inc.

Plaintiff sued for injuries to his neck, back and left shoulder that he allegedly suffered when one of the legs on a stepladder collapsed and he fell approximately five feet to a concrete floor. At the close of proof, Supreme Court granted a motion for a

directed verdict in favor of plaintiff on the issue of Labor Law § 240 (1) liability against defendant North End Repair, Inc. (hereinafter defendant). Supreme Court, after further argument from counsel, amended its order to also direct a verdict in plaintiff's favor, finding "that the fall suffered by the plaintiff ·was the proximate cause of some injury which the plaintiff incurred." As a result of these rulings, plaintiff withdrew his claims premised on a violation of Labor Law § 241 (6).

Consistently with these rulings, Supreme Court advised the jury immediately prior to summations that "some issues have been decided which you won't have to decide," but did not specifically advise the jury concerning these issues and, inconsistently with its rulings, charged the jury:

"If you decide that the plaintiff is not entitled to recover from the defendant, you need not consider awarding the plaintiff damages. Only if you decide that the plaintiff is entitled to recover will you consider the measure of damages. * * * In this case, plaintiff is entitled to recover a sum of money which will justly and fairly compensate him for any injury and conscious pain and suffering caused by the defendant. In order to determine the question of cause, I instruct you that the fall at North End Repair can be regarded as a cause of an injury if it was a substantial factor in bringing about the injury, that is, if it had such an effect in producing the injury that reasonable people would regard it as a cause of the injury."

Over plaintiff's objection, Supreme Court submitted a verdict sheet which asked questions only concerning damages and instructed the jury to "[s]tate the amount awarded to Plaintiff, if any, for damages" both for past as well as future pain and suffering. The jury found zero damages for both past and future pain and suffering and, pursuant to instructions on the verdict sheet, did not consider whether plaintiff was entitled to recover for lost wages or medical expenses. Plaintiff's subsequent motion to set aside the verdict, because of juror confusion as a result of these inconsistencies and because the verdict was against the weight of the evidence, was denied, and plaintiff appeals.

Supreme Court recognized in its decision denying the motion to set aside the verdict that the real issue in the case was whether or not plaintiff suffered any injury in this fall and that "[i]n retrospect, the verdict sheet probably should have included a question on causation." Defendant called no witnesses on its behalf, instead relying on notations in some of plaintiff's medical records to challenge the etiology of plaintiff's shoulder injury. In this record, there is only minimal challenge

to plaintiff's neck and back injury claims. This observation may explain Supreme Court's amended directed verdict that "some injury" was caused by plaintiff's fall, and may further explain why both attorneys spent considerable time arguing the issue of proximate causation on summation and why the court included that language in its charge. Nevertheless, we agree with plaintiff that substantial juror confusion resulted and that a verdict of zero damages could only be returned if the jury concluded that plaintiff suffered no injury as a result of the fall. This verdict sheet, viewed in the context of this case, is ambiguous. Accordingly, the verdict must be set aside and a new trial ordered (*see Grzesiak v General Elec. Co.,* 68 NY2d 937, 939 [1986]; *Mount Vernon Fire Ins. Co. v Trans World Maintenance Serv.,* 169 AD2d 519, 520 [1991]).

In light of this determination, although we find some merit in plaintiff's claim that the verdict was against the weight of the evidence, we need not reach that issue.

Mercure, J.P., Spain and Carpinello, JJ., concur. Ordered that the order is reversed, on the law, motion granted, and matter remitted to the Supreme Court for a new trial, with costs to abide the event.