■ AMERICAN LINEN SUPPLY COMPANY, Respondent, v M.W.S. ENTERPRISES, INC., Appellant. (Appeal No. 1.) [776 NYS2d 387]—

Appeal from an order and judgment (one document) of the Supreme Court, Erie County (Nelson H. Cosgrove, J.), entered February 5, 2003. The order and judgment was entered in favor of plaintiff in the amount of $12,222.02, plus interest and attorneys' fees.

It is hereby ordered that the order and judgment so appealed from be and the same hereby is modified on the law by denying the motion in part, vacating the second through fifth ordering and decretal paragraphs, and setting aside the verdict in its entirety and as modified the order and judgment is affirmed without costs, and a new trial is granted.

Memorandum: Defendant appeals from an order and judgment granting plaintiff's motion to set aside part of a jury verdict in favor of defendant and granting judgment in favor of plaintiff. In December 1988, plaintiff and defendant entered into a written three-year contract under which plaintiff agreed to provide smocks and doormats for defendant's "Yellow Goose Markets." Although that contract was not renewed, plaintiff continued to provide smocks and doormats to defendant and defendant continued to pay for them after the contract expired. Plaintiff alleges that, on October 31, 1994, defendant's president signed a new three-year contract. In December 1996, however, defendant informed plaintiff that it was purchasing all future smocks and doormats from another supplier. Plaintiff thereafter commenced this action for breach of the 1994

contract. In its answer, defendant denied that it had executed that contract.

At trial, defendant's president testified that he neither signed nor authorized the signing of the 1994 contract. Supreme Court instructed the jury that, in order for plaintiff to prevail, it had to find that "the signature on the contract was either genuine or authorized by [defendant]" and that its verdict should be for defendant if "the defendant's signature was not genuine or authorized." Although the original four-question verdict sheet prepared by the court included a question specifically referring to the 1994 contract, the verdict sheet actually furnished to the jury asked only whether there was "a contract between the parties," and, if so, whether defendant breached that contract. The jury responded "yes" to the first question and "no" to the second. The court subsequently granted plaintiff's motion to set aside the jury's finding that defendant did not breach the contract as against the weight of the evidence and granted judgment in favor of plaintiff (see CPLR 4404 [a]). We conclude that the court erred in failing to set aside the verdict in its entirety and in granting judgment in favor of plaintiff.

We note at the outset that the determination "[w]hether to set aside a verdict is discretionary with the trial court . . ., which should not set aside the verdict unless it is palpably irrational or wrong" (Dannick v County of Onondaga, 191 AD2d 963, 964 [1993]; see Nicastro v Park, 113 AD2d 129, 133 [1985]). "The operative factor . . . is a finding that the jury could not have reached its verdict on any fair interpretation of the evidence" (Nordhauser v New York City Health & Hosps. Corp., 176 AD2d 787, 789 [1991]; see Lolik v Big V Supermarkets, 86 NY2d 744, 746 [1995]). The determination of the trial court to set aside a jury verdict as against the weight of the evidence "must be accorded great respect" (Mordino v Sutch, 256 AD2d 1062, 1063 [1998]; see Weiss v Wapniak, 283 AD2d 573 [2001]; Quistberg v Dunn, 238 AD2d 949 [1997]) and, where the court's determination is "not unreasonable, we will not intervene to reverse that finding" (Kuncio v Millard Fillmore Hosp., 117 AD2d 975, 976 [1986]; see Oubre v Carpenter, 241 AD2d 964 [1997]).

Here, the court reasonably determined that the jury's findings that there was a contract between the parties but that defendant did not breach that contract were against the weight of the evidence. The sole issue presented by the pleadings, the trial evidence, and the court's charge was whether the 1994 contract was executed or authorized by defendant's president. There was no dispute that defendant terminated plaintiff's services before the expiration of the term of that contract, and

thus the findings that there was a contract but that it was not breached are inconsistent and could not have been reached on any fair interpretation of the evidence (*see generally Weiss,* 283 AD2d 573 [2001]; *Mordino,* 256 AD2d at 1063; *Quistberg,* 238 AD2d at 949; *Nordhauser,* 176 AD2d at 789). The court erred, however, in failing to set aside the verdict in its entirety and in granting judgment in favor of plaintiff; the statutory remedy where a verdict is set aside as against the weight of the evidence is a new trial (*see Browne v Pikula,* 256 AD2d 1139 [1998]; *Gomez v Doe,* 230 AD2d 892 [1996]).

Further, even if, as defendant contends, the jury's affirmative answer to whether there was a contract between the parties was based on the expired 1988 contract, the court properly set aside the verdict "in the interest of justice" (CPLR 4404 [a]). An affirmative answer based on the 1988 contract could only have resulted from substantial juror confusion due to the court's failure to specifically refer to the 1994 contract in the verdict sheet (*see Carlo v Lynn Ladder & Scaffolding Co.,* 309 AD2d 999, 1000-1001 [2003]; *Clarke v Order of Sisters of St. Dominic,* 273 AD2d 431 [2000]; *Myrick v Bonter,* 249 AD2d 906 [1998]).

We therefore modify the order and judgment by denying the motion in part, vacating the second through fifth ordering and decretal paragraphs, and setting aside the verdict in its entirety, and we grant a new trial. Because there must be a new trial, we add that the court did not abuse its discretion in precluding the opinion testimony of defendant's purported handwriting expert (*see generally Saggese v Madison Mut. Ins. Co.,* 294 AD2d 900, 900-901 [2002]), but erred in refusing to admit in evidence, as irrelevant, handwriting exemplars of defendant's president for the purpose of comparison to his purported signature on the 1994 contract (*see* CPLR 4536; *see generally Matter of Garcia v Selsky,* 266 AD2d 772, 773 [1999]; 58A NY Jur 2d, Evidence & Witnesses, § 706).

All concur except Green and Lawton, JJ., who dissent and vote to reverse in accordance with the following memorandum.

Green and Lawton, JJ., (dissenting). We respectfully dissent. We agree with defendant that Supreme Court erred in granting plaintiff's motion to set aside part of a jury verdict in favor of defendant. A "motion to set aside a jury verdict as against the weight of the evidence . . . should not be granted unless the preponderance of the evidence in favor of the moving party is so great that the verdict could not have been reached upon any fair interpretation of the evidence" (*Ruddock v Happell,* 307 AD2d 719, 720 [2003] [internal quotation marks omitted]). The majority's conclusion that the verdict is against the weight of

the evidence and is inconsistent is necessarily based on the assumption that the jury found that there was a valid superseding 1994 contract. While the validity of that contract may have been the intended question for the jury, that was not the one asked of it. Because defendant presented evidence at trial that it continued the 1988 contract on a month-to-month basis only, and because defendant's president testified that the signature on the 1994 contract was a forgery, the jury's finding that defendant did not breach any contract when it contracted with another supplier in 1996 is supported by a reasonable view of the evidence and should not have been disturbed. We therefore would reverse the order and judgment, deny the motion and reinstate that part of the verdict in favor of defendant. Present—Pigott, Jr., P.J., Green, Hurlbutt, Scudder and Lawton, JJ.