■ JoANN M. PECORA, Respondent, v MARSHALL E. LAWRENCE et al., Appellants. [840 NYS2d 851]—

Appeal from an order of the Supreme Court, Monroe County (William P. Polito, J.), entered June 13, 2006 in a personal injury action. The order granted plaintiff's motion for an order setting aside the jury verdict and granting a new trial.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is denied and the verdict is reinstated.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when the vehicle she was operating was struck by a vehicle operated by defendant Marshall E. Lawrence and owned by defendant American Stainless Corporation. Defendants conceded that they were at fault for the accident, and a trial was conducted on the issues of serious injury and damages. At the close of evidence, plaintiff moved for a directed verdict on the issue whether she sustained a significant disfigurement within the meaning of Insurance Law § 5102 (d). Supreme Court reserved decision on that motion and, after the jury returned a verdict finding that plaintiff did not sustain either a significant disfigurement or a permanent consequential limitation of use, the court granted plaintiff's motion. In a prior appeal, we reversed that order (*Pecora v Lawrence*, 28 AD3d 1136 [2006]). We noted in our prior decision that, in view of its decision granting plaintiff's motion on the issue of significant

disfigurement, the court had deemed moot plaintiff's posttrial motion for an order setting aside the verdict and directing judgment as a matter of law on the issue whether plaintiff sustained a permanent consequential limitation of use or, in the alternative, granting a new trial on that issue on the ground that the verdict was against the weight of the evidence (*id.*).

Following our decision, the court invited additional submissions on plaintiff's posttrial motion. After receiving those additional submissions, the court granted plaintiff's motion for an order setting aside the verdict as against the weight of the evidence and granted a new trial with respect to both significant disfigurement and permanent consequential limitation of use. We reverse.

" '[W]hether to set aside a verdict is discretionary with the trial court . . . , which should not set aside the verdict unless it is palpably irrational or wrong' . . . 'The operative factor . . . is a finding that the jury could not have reached its verdict on any fair interpretation of the evidence' . . . The determination of the trial court to set aside a jury verdict as against the weight of the evidence 'must be accorded great respect' . . . and, where the court's determination is 'not unreasonable, we will not intervene to reverse that finding' " (*American Linen Supply Co. v M.W.S. Enters.*, 6 AD3d 1079, 1080 [2004], *lv dismissed* 3 NY3d 702 [2004]). The court, however, "must not unnecessarily interfere with the fact-finding function of the jury to a degree that amounts to . . . usurpation of the jury's duty" (*Ruddock v Happell*, 307 AD2d 719, 720-721 [2003] [internal quotation marks omitted]; *see McLoughlin v Hamburg Cent. School Dist.*, 227 AD2d 951 [1996], *lv denied* 88 NY2d 813 [1996]; *Nicastro v Park*, 113 AD2d 129, 133 [1985]). In our view, the court usurped the jury's duty in this case.

With respect to the significant disfigurement category of serious injury, the court instructed the jury that "[a]n injury is disfiguring if it alters for the worst Plaintiff's natural appearance. A disfigurement is significant if a *reasonable* person viewing the Plaintiff's body in its altered state would regard the condition as unattractive, objectionable or as the object of pity or scorn" (emphasis added). The jury had the opportunity to view plaintiff's ear, and five of the six members of the jury concluded that the injury they observed did not constitute a significant disfigurement. The jury was properly charged that its finding of significant disfigurement must be based on the reaction of a reasonable person viewing the injury (*see Murry v Witherel*, 287 AD2d 926, 927 [2001]; *Hutchinson v Beth Cab Corp.*, 207 AD2d 283 [1994]; *Zulawski v Zulawski*, 170 AD2d

979 [1991]), not on the subjective assessment of plaintiff of the level of her disfigurement. In our view, the jury's finding that the injury did not constitute a significant disfigurement is not " 'palpably irrational or wrong' " and that part of the verdict should not have been set aside (*American Linen Supply Co.*, 6 AD3d at 1080; *see San George v Prowse*, 259 AD2d 988, 988-989 [1999]).

With respect to the permanent consequential limitation of use category of serious injury, the jury was properly instructed that "[a] limitation of use of a body organ or member means that the body organ or member does not operate at all or operates only in some limited way. It is not necessary for you to find that there has been a total loss of the use of the body organ or member. The limitation of use must be consequential, which means it is significant, important or of consequence. A minor, mild or slight limitation of use is not significant, important or of consequence." All of the jurors concluded that plaintiff had not sustained a permanent consequential loss of use of her ear. Although plaintiff undisputedly suffers from permanent nerve damage that causes her ear to have increased sensitivity to cold, heat and pressure, that sensitivity is intermittent. Minor, intermittent pain "is 'insignificant within the meaning of Insurance Law § 5102 (d)' " (*Huther v Sickler*, 21 AD3d 1303, 1304 [2005]; *see Conahan v Sanford*, 284 AD2d 749, 751 [2001]; *see also Stadier v Findley*, 148 AD2d 600 [1989]). Thus, we conclude that the jury's finding that plaintiff did not sustain a permanent consequential limitation of use is not " 'palpably irrational or wrong' " and that part of the verdict also should not have been set aside (*American Linen Supply Co.*, 6 AD3d at 1080). Present—Hurlbutt, J.P., Centra, Fahey, Peradotto and Pine, JJ.