■ ELLEN B. HOFFSON et al., Appellants, v NORMAN OR-ENTREICH et al., Respondents.—Order and judgment (one paper), Supreme Court, New York County (Edwin Margolis, J.), dated June 7, 1989, which granted defendants' motion to set aside a jury verdict in favor of plaintiffs in the sum of $395,000 and dismissed the complaint, unanimously modified, on the law, the facts and in the exercise of discretion, to remit the matter for a new trial, without costs.

Plaintiffs instituted this action to recover damages for personal injuries and loss of services purportedly sustained as a result of defendants' medical malpractice and negligence in conjunction with medical care and treatment rendered to plaintiff Ellen Hoffson. Hoffson first became a patient of defendant Orentreich Medical Group and the individual defendants in 1980 when she sought treatment for androgenic alopecia, a hair-loss condition. Plaintiff would be treated by one of the physicians or by one of the nurses in their employ during her office visits and would be billed according to which professional rendered services.

Plaintiff claimed that during a routine visit to the office for her hair-loss condition on January 7, 1981, defendant Burke, a registered nurse employed by the Orentreich Medical Group, negligently incised and drained three acne cysts and removed certain blackheads from her face which resulted in disfiguring, permanent scars. Plaintiff further alleged that she had not been examined nor diagnosed by a physician prior to Burke performing the acne surgery nor was the procedure supervised by a duly licensed physician. Plaintiff also maintained that she never gave her informed consent to have such procedure performed. At trial, plaintiff sought to establish that defendants were liable for her injuries because their acts constituted the unauthorized practice of medicine, failure to obtain her informed consent and medical malpractice.

The jury returned a general verdict in favor of plaintiffs in the sum of $395,000, apportioning liability 37% to defendants and 63% to plaintiff. In response to special interrogatories, the jury found that Burke did not engage in the unauthorized practice of medicine and was not negligent in performing the procedure on plaintiff. However, they concluded that the procedure performed by Burke was a proximate cause of plaintiff's injuries. Although the jury determined that Burke had not obtained plaintiff's informed consent for the procedure, they concluded that the receipt of information required to obtain an informed consent would not have caused a reasonably prudent person to refuse to submit to the proce-

dure. With regard to the individual physicians, the jury found that as specialists in the field of dermatology, practicing within their community, they failed to exercise their best judgment and to use reasonable care in their treatment of plaintiff on January 7, 1981. The jury also found that plaintiff was negligent and that this negligence was a proximate cause of her injuries. In assessing damages, the jury awarded plaintiff $5,000 for medical expenses, $186,000 for the impairment of her future earning ability, $133,000 for her conscious pain and suffering and $71,000 for her husband's loss of her services.

The Supreme Court thereafter granted defendants' motion to set aside the jury verdict and dismissed the complaint. The court agreed with defendants that as a matter of law, there was insufficient evidence adduced at trial to establish that the negligence of defendant physicians was a proximate cause of plaintiff's injuries. While we agree that the verdict must be set aside, we do so on the ground that the verdict was against the weight of the evidence and order a new trial.

"The criteria for setting aside a jury verdict as against the weight of the evidence are necessarily less stringent [than setting aside a verdict on the ground that it was not supported by sufficient evidence as a matter of law], for such a determination results only in a new trial and does not deprive the parties of their right to ultimately have all disputed issues of fact resolved by a jury (Cohen v Hallmark Cards, [45 NY2d 493] at p 498; McDonald v Metropolitan St. Ry. Co., 167 NY 66; O'Boyle v Avis Rent-A-Car Sys., 78 AD2d 431, 439; cf. Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499). Whether a jury verdict should be set aside as contrary to the weight of the evidence does not involve a question of law, but rather requires a discretionary balancing of many factors (Cohen v Hallmark Cards, supra, at p 499; Mann v Hunt, 283 App Div 140, supra; Walsh v Morris, 88 AD2d 673; see, Durante v Frishling, 81 AD2d 631, appeal dismissed 54 NY2d 833; Facteau v Wenz, 78 AD2d 931)." (Nicastro v Park, 113 AD2d 129, 132-133.) It has been stated that a jury verdict should not be set aside as against the weight of the evidence unless the jury could not have reached the verdict on any fair interpretation of the evidence (supra). This standard is to be contrasted with the finding made by the trial court herein, that the verdict was not supported by sufficient evidence since "no valid line of reasoning and permissible inferences * * * could possibly lead rational men to the conclusion reached by the jury on the basis of the evi-

dence presented at trial" *(Cohen v Hallmark Cards, supra,* at 499).

Since we conclude that the evidence was such that it was not utterly irrational for the jury to reach its result and that valid questions of fact existed, it was error for the Supreme Court to have determined that the verdict was not, as a matter of law, supported by the evidence *(supra).* Plaintiffs' experts testified that the scars on her face were caused by the procedure performed by defendant Burke and that such procedure constituted the practice of medicine. They added that her scars could have been caused by pressure from an injection (plaintiff testified that it felt as though needles were pricking her face) or from incisions made by a scalpel (which Burke testified she made to drain the cysts). One expert also testified that scarring could have been caused by an infection which resulted from improper cleansing of the skin prior to performing the procedure. The experts also testified that the physicians departed from good and accepted medical practice by permitting a nurse in their employ to perform the surgery in their absence.

The verdict should have been set aside as against the weight of the evidence (CPLR 4404 [a]) since the jury could not have reached their verdict on any fair interpretation of the evidence presented. The jury's responses to the interrogatories were contradictory in that they found that while Burke was not negligent in the performance of the procedure, the procedure performed was a proximate cause of plaintiff's injuries. In finding that defendant physicians were negligent in their treatment of plaintiff, the jury also apparently concluded that the failure of the doctors to examine her on the day of surgery was the proximate cause of her scarring.

We further note that it was not error for the trial court to have charged the jury with respect to sections 6521 and 6902 of the Education Law thereby permitting the jury to decide whether Burke acted in accordance with proper nursing standards or engaged in the practice of medicine without a license. Concur—Ross, J. P., Rosenberger, Asch and Smith, JJ. *[See,* 144 Misc 2d 411.]