■ EDGARDO AGUSTIN, Appellant, v BETH ISRAEL HOSPITAL, Respondent, and JAE MUN NOH, Appellant.—Order, Supreme Court, New York County (Bruce McM. Wright, J.), entered April 11, 1991, which granted the motion of defendant Beth Israel Hospital to set aside the jury verdict and ordered a new trial on all issues as to all parties, unanimously modified, on the law, the facts, and in the exercise of discretion, to reinstate the verdict insofar as it found defendant Beth Israel Hospital liable, to remand the matter for a determination of defendant Beth Israel's motion to modify the damages awarded to plaintiff, and to limit the issues to be retried to the liability of defendant Noh and the apportionment, if any, of damages between the defendants, and otherwise affirmed, without costs.

Plaintiff brought this medical malpractice action to recover damages arising from the fatal injuries suffered by his wife as the result of surgery for degenerative disc disorder in 1985. The evidence adduced at trial reveals that, during the surgery, the instrument used by the surgeon, Dr. Noh, severed three of decedent's major blood vessels causing internal bleeding, from which decedent ultimately died. The evidence also reveals that during the operation, decedent suffered a precipitous drop in blood pressure, which, although potentially indicative of internal bleeding, was not reported to Dr. Noh by the primary anesthesiologist, Dr. Thiagarjah, or by his assistant.

Immediately following the surgery, decedent was taken to a recovery room while Dr. Noh went to a nearby room to write his post-operative report. The record is unclear as to when Dr.

Noh was summoned and when he ultimately arrived in the recovery room, but it was before 2:10 P.M., when he was recorded as present. After Dr. Noh arrived, further tests were administered, but emergency surgery was not commenced until 3:00. The surgery was not successful, and decedent died at 3:51 P.M. The expert testimony convincingly demonstrated that, had the surgery been commenced sooner, the chances of decedent's recovery would have been substantially enhanced.

The jury returned a general verdict holding only defendant Beth Israel liable and answered a series of interrogatories stating that Dr. Noh did not depart from good and accepted medical practice in treating decedent, that Dr. Thiagarjah was an agent of the hospital, that he departed from good and accepted medical practice and that such departure was a proximate cause of decedent's death and that, aside from the negligence of Dr. Thiagarjah, defendant Beth Israel Hospital departed from good and accepted medical practice through the acts of its own employees and that such departure was a proximate cause of decedent's death. Since the jury found only one of the defendants to be liable, it was not necessary for it to reach the issue of comparative fault.

We agree with the trial court that the jury's finding that Dr. Noh was not liable was against the weight of the evidence and that a new trial is therefore required on the issue of whether Dr. Noh committed medical malpractice which was a proximate cause of decedent's death. A court should find a verdict to be against the weight of the evidence and set it aside when it finds that "the jury could not have reached its verdict on any fair interpretation of the evidence" *(Yalkut v City of New York,* 162 AD2d 185, 188). Here, the expert testimony overwhelmingly demonstrated that the surgery involved herein did not involve a legitimate risk of the disastrous outcome, i.e., the severance of the aorta, vena cava and iliac artery. The argument offered at trial, that this result was a rare complication precipitated by the facts that the surgery is conducted as a blind procedure and that decedent had a very degenerated disc condition thereby heightening the risk, completely fail to justify such an extraordinary result. Indeed, the evidence failed to show that decedent's condition was particularly rare, and merely showed that it is rare that a surgeon would deviate so substantially from acceptable practice as to sever three major blood vessels in the course of treating that condition.

However, while we agree with the trial court that the jury's verdict was against the weight of the evidence as to Dr. Noh,

we do not agree that this finding necessitates a new trial on the issue of the hospital's liability. Under CPLR 4404 (a), when a jury returns a verdict which is in accord with the evidence in certain respects but against the weight of the evidence as to a particular cause of action, or a separable issue, a motion to set the verdict aside may be granted and new trial ordered solely as to that cause of action or issue.

Although the court ordered a new trial on all issues, a review of its decision reveals that the only issue as to which the court actually found the jury's verdict to be against the weight of the evidence was insofar as it exonerated Dr. Noh. The court specifically stated that the jury's verdict was not against the weight of the evidence insofar as it found that the hospital was liable. Moreover, our review of the record reveals that this statement was correct and that the hospital was properly found liable, both for the actions of its employees and, vicariously, for the acts of Dr. Thiagarjah.

First, the evidence showed two bases upon which the jury could fairly have rested a finding of direct liability. While the evidence was in conflict as to when Dr. Noh arrived in the recovery room and took charge, the jury was entitled to reject Dr. Thiagarjah's testimony that Dr. Noh was paged at 1:45 and arrived soon after and accept Dr. Noh's testimony that he was not paged until later and for that reason, though he responded promptly, did not arrive there until 2:00 P.M. This account gains support from the contemporaneous records, which do not record Dr. Noh's presence in the recovery room until 2:10 P.M. Thus, the jury was entitled to hold the hospital liable through the failure of its recovery room staff to immediately summon Dr. Noh upon the patient's arrival in the recovery room, when she was already going into shock. Moreover, the jury was also entitled to hold the hospital directly liable through the acts of the assistant anesthesiologist and a hospital employee, in not informing Dr. Noh of the decedent's precipitous drop in blood pressure during the operation.

Nor is the jury's verdict against the weight of the evidence insofar as it found that the hospital was vicariously liable for the actions of Dr. Thiagarjah, the anesthesiologist, for both his failure to inform Dr. Noh of the drop in blood pressure during surgery and for his role in supervising the patient's care in the recovery room and in failing to call for appropriate medical assistance to transfuse the patient and commence emergency surgery between 1:40 P.M., when it became obvious that decedent was going into shock and was near death, and 2:00 P.M., the time at which Dr. Noh testified that he arrived

in the recovery room and assumed responsibility. Not only does the record show that the evidence was sufficient to support the finding that these acts constituted malpractice, but it was also sufficient to support the finding of vicarious liability based on decedent's reasonable belief that she was receiving care from the hospital and not an independent entity *(see, Mduba v Benedictine Hosp.,* 52 AD2d 450, 452-453).

Since, as to defendant Beth Israel, we find that the verdict was not against the weight of the evidence, we therefore find that the court erred in ordering a new trial as to Beth Israel's liability rather than limiting the new trial only to the issue upon which it had found that the initial verdict had been against the weight of the evidence. Thus, any new trial should be limited to the question of Dr. Noh's liability, and contingently, the issue of comparative fault, since, if a new jury were to find that Dr. Noh committed malpractice which was a proximate cause of decedent's death, it would also have to reach the issue of the comparative fault of each defendant. As to defendant Beth Israel, the only issue relevant to its liability which need be retried is the proportion of damages for which it is responsible vis-à-vis Dr. Noh.

Finally, we note that the trial court never passed upon defendant's motion to review the damage award. Since there is no indication on the record before us that a new trial is necessary on the amount of damages, we remand for a finding by the trial court on that issue prior to the new trial directed herein. Concur—Ellerin, J. P., Kupferman, Ross, Asch and Kassal, JJ.