■ THOMAS P. MILKA et al., Respondents, v DINORAH HERNANDEZ, Appellant.—Order unanimously affirmed without costs. Memorandum: Plaintiff Thomas P. Milka was injured when the vehicle he was driving collided with defendant's vehicle at the intersection of Swan and Hamburg Streets in the City of Buffalo. Traffic proceeding in plaintiff's direction on Swan Street was controlled by a flashing yellow light, and traffic in defendant's direction on Hamburg Street by a flashing red light. Defendant testified that when she stopped for the first time, she could not see down the street to the right because her view was obstructed by a building. She moved forward and stopped again. Not seeing any vehicles, defendant proceeded into the intersection and collided with plaintiff's vehicle. A disinterested eyewitness testified that she approached the intersection from the opposite direction on Hamburg Street and observed plaintiff's vehicle before it entered the intersection. She was behind a vehicle that remained stopped on Hamburg Street when plaintiff drove into the intersection. The jury found that defendant was not negligent in causing the accident. The trial court set aside that verdict as contrary to the weight of evidence, observing that "I cannot

overlook the fact that the defendant in this case had a flashing red light, which means that she could not move forward until it was safe to do so."

We conclude that the trial court's determination was reasonable and that it should not be disturbed (see, Kuncio v Fillmore Hosp., 117 AD2d 975, 976, lv denied 68 NY2d 608; McDowell v Di Pronio, 52 AD2d 749, 750). Defendant, upon stopping for the flashing red light, was obliged to proceed with caution and yield to vehicles approaching the intersection to her right (see, Vehicle and Traffic Law § 1140 [a]; § 1142 [a]). She had a duty to see what, with the proper use of her senses, she should have seen (see, Weigand v United Traction Co., 221 NY 39, 42; Pickard v Koenigstreuter, 70 AD2d 693, mot to dismiss appeal granted 48 NY2d 652). The only reasonable inference to be drawn from the evidence is that defendant either did not look to her right as she proceeded into the intersection or that she erroneously perceived that the intersection was clear (see, Bartholomew v New York Tel. Co., 35 AD2d 767, 768). Under the circumstances, Supreme Court did not abuse its discretion in granting plaintiffs' motion to set aside the verdict and for a new trial (see, DeGiglio v Williams, 166 AD2d 499; Bartholomew v New York Tel. Co., supra). (Appeal from Order of Supreme Court, Erie County, Flaherty, J.—Set Aside Verdict.) Present—Green, J. P., Pine, Balio, Boehm and Davis, JJ.