■ DEBORAH ROGERS et al., Respondents, v THOMAS N. DiCHRISTINA, as Voluntary Administrator of the Estate of ROSE DiCHRISTINA, Deceased, et al., Appellants. [600 NYS2d 402] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: On March 28, 1986, a car operated by Rose DiChristina struck the rear of a car operated by plaintiff Deborah Rogers (plaintiff). On May 1, 1986, a Niagara Frontier Transportation Authority (NFTA) bus struck the rear of a car in which plaintiff was a passenger. Two separate actions were commenced to recover damages for the personal injuries alleged to have been sustained by plaintiff in the motor vehicle accidents. Plaintiff Anthony Rogers alleged a derivative cause of action. The actions were consolidated for trial. Plaintiffs asserted that either one or both of the accidents proximately caused her injuries. Defendants argued that

plaintiff's injuries were proximately caused by a work-related accident that occurred in June 1985 when she injured her back as she lifted a patient in the course of her employment as a licensed practical nurse. At trial, several medical witnesses testified regarding the nature and cause of plaintiff's injuries. The jury found that defendants were negligent but that their negligence did not proximately cause plaintiff's injuries.

Thereafter, the trial court granted plaintiffs' motion to set aside that portion of the jury verdict that found an absence of causation because the jury's finding was against the weight of the evidence. Additionally, the trial court directed that judgment be entered in favor of plaintiffs on the issue of proximate cause and ordered a new trial on the issue of damages only.

We conclude that Supreme Court properly set aside that portion of the jury verdict that found that defendants' negligence did not proximately cause plaintiff's injuries. That finding "could not have been reached upon any fair interpretation of the evidence" (Kuncio v Millard Fillmore Hosp., 117 AD2d 975, 976, lv denied 68 NY2d 608; see also, Crocetto v Alvarez, 185 AD2d 541, 542; Hoffson v Orentreich, 168 AD2d 243, 245). Having set aside the verdict, however, the court should have granted a new trial on the issue of causation rather than directing entry of judgment in plaintiffs' favor on that issue. A determination setting aside a jury verdict as against the weight of the evidence "results only in a new trial and does not deprive the parties of their right to ultimately have all disputed issues of fact resolved by a jury" (Nicastro v Park, 113 AD2d 129, 133; see also, Cohen v Hallmark Cards, 45 NY2d 493; Hoffson v Orentreich, supra, at 245). Therefore, we modify the order by deleting from the fourth ordering paragraph the direction that judgment be entered in plaintiffs' favor finding "that the negligence of both [d]efendants was a proximate cause of a herniated disc injury to the [p]laintiff Deborah Rogers". Further, we direct that the new trial also include the issue of proximate cause (see, CPLR 4404 [a]; Agustin v Beth Israel Hosp., 185 AD2d 203, 205). In all other respects, we affirm the order. (Appeals from Order of Supreme Court, Erie County, Notaro, J.—Set Aside Verdict.) Present—Pine, J. P., Fallon, Boomer, Davis and Boehm, JJ.