■ JACQUELINE HARRISON, Respondent, v RHOAN HARRISON et al., Appellants. [607 NYS2d 204] —Order unanimously modified on the law and as modified affirmed without costs and new trial granted on liability in accordance with the following Memorandum: Plaintiff commenced this negligence action seeking damages for injuries she allegedly sustained when a car in which she was a passenger was involved in a one-car accident. The car was owned by defendant Donald Wright and was driven by defendant Rhoan Harrison. A trial was held on the issue of liability only. The jury returned a verdict in favor of defendants. Thereafter, the trial court granted plaintiff's motion to set aside the jury verdict on the ground that it was contrary to the weight of the evidence. Additionally, the court directed that judgment be entered in favor of plaintiff on the issue of liability.

We conclude that the trial court properly set aside the jury verdict because the jury could not have reached the verdict on any fair interpretation of the evidence (see, Rogers v DiChristina, 195 AD2d 1061; Kuncio v Millard Fillmore Hosp., 117 AD2d 975, 976, lv denied 68 NY2d 608; Nicastro v Park, 113 AD2d 129, 134). The trial court erred, however, in granting plaintiff's motion for a directed verdict and awarding plaintiff judgment notwithstanding the verdict on the issue of liability. Having set aside the verdict as being against the weight of the evidence on the issue of liability, the trial court should have granted a new trial on that issue. A determination setting aside a jury verdict as against the weight of the evidence "results only in a new trial and does not deprive the parties of their right to ultimately have all disputed issues of fact resolved by a jury" (Nicastro v Park, supra, at 133; see also, Cohen v Hallmark Cards, 45 NY2d 493, 498; Rogers v DiChristina, supra). Therefore, we modify the order by deleting the second ordering paragraph and grant a new trial on the issue of liability (see, CPLR 4404 [a]; Rogers v DiChristina, supra). (Appeal from Order of Supreme Court, Queens County,

Rosenzweig, J.—Negligence.) Present—Pine, J. P., Lawton, Doerr, Davis and Boehm, JJ.