(July 18, 1996)

■ JAMES RODRIGUEZ, Appellant-Respondent, v HELENE E. SCHICKLER, Respondent-Appellant. [645 NYS2d 31] —Amended judgment, Supreme Court, Bronx County (Jerry Crispino, J.), entered September 2, 1994, which, upon a jury verdict, awarded plaintiff $550,000, and order of the same court and Justice entered on or about March 14, 1994, which, *inter alia*, denied defendant's motion to dismiss the complaint, unanimously reversed on the law, without costs, the judgment vacated, and

the defendant's motion to dismiss the complaint granted. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint.

Upon a careful review of the record, we conclude that the jury's verdict must be set aside and the complaint dismissed because, at trial, plaintiff failed to introduce legally sufficient evidence that he suffered a "serious injury" within the meaning of Insurance Law § 5102 (d). The jury's finding of permanent bodily injury was "utterly irrational" and therefore based on legally insufficient evidence (*Hoffson v Orentreich*, 168 AD2d 243, 245).

We begin by noting that although plaintiff's experts believed that plaintiff suffered from back and neck problems, plaintiff never was hospitalized or underwent surgery. Curiously, Dr. Sonn, the plaintiff's treating chiropractor after the accident never produced plaintiff's X-rays, despite their having been subpoenaed by defendant. Thus, there was no objective evidence to support Dr. Sonn's testimony that plaintiff suffered from whiplash and an imbalance at the base of the spine, with radiculopathy, or his opinion that plaintiff has a permanent injury that was caused by the April 2, 1989 car accident. It also should be observed that this expert indicated that there was a combination of acute symptoms with an arthrosis *preexisting* the trauma at a different level of the spine. Furthermore, plaintiff's neuro-radiologist, Dr. Zeifer, did not testify, and plaintiff's radiologist, Dr. Garofalo, testified that plaintiff's disc bulge *did not result from the accident trauma, but predated it.*

The defendant's medical experts all agreed there was nothing wrong with plaintiff. Dr. Guthrie, a neurologist who examined plaintiff and reviewed his medical records, found no herniated disc or accompanying muscle atrophy, no spasms, no leg-raising difficulty and no radiculopathy. Dr. Cohen, an orthopedist who examined plaintiff, made similar findings, despite plaintiff's subjective complaints. Dr. Pfeffer, a diagnostic radiologist, reviewed MRIs taken 2 years after the 1989 accident and a CAT-Scan report by plaintiff's doctor taken in 1989; this expert also found no disc herniation or bulge. These findings were consistent with findings by other radiologists. Although Dr. Zeifer, another radiologist, had found a bulging annulus, Dr. Pfeffer believed this to be a normal anatomic variant, and not indicative of pathology.

Even if it could be said that the jury's verdict was supported by legally sufficient evidence, we would nonetheless find it to be against the weight of the evidence as it was not based on

"any fair interpretation of the evidence" (*Hoffson v Orentreich, supra,* at 244).

In light of the foregoing, we need not reach the remaining contentions of the parties. Concur—Murphy, P. J., Sullivan, Ellerin, Nardelli and Mazzarelli, JJ.