■ Labonte Augustine, Plaintiff, v Melissa A. Dandrea et al., Defendants and Third-Party Plaintiffs-Appellants. Terry Scott et al., Third-Party Defendants-Respondents. (Appeal No. 1.) [710 NYS2d 748] —Order reversed on the law without costs, motion denied and third-party complaint reinstated. Memorandum: Plaintiff commenced this action seeking damages for injuries sustained when struck by a vehicle driven by Melissa A. Dandrea (defendant) and owned by defendant Richard Dandrea. At the time of the accident, plaintiff was a member of a crew picking up recycling material on Brooklea Drive in the Town of Gates.

When defendant struck plaintiff with her vehicle, she was driving eastbound on Brooklea Drive, a short residential street that curves sharply just west of the accident site and is barely wide enough for two vehicles to pass. Upon encountering the recycling truck, which was stopped facing the wrong way in the eastbound lane of traffic, defendant slowed from 35 miles per hour to between 20 and 30 miles per hour and "veered" around the truck to the left, not merely entering the westbound lane, but also causing her left side tires to leave the road and go onto the grass. Although testifying that she knew from experience that there would be workers in the vicinity of the truck and that her vision was unobstructed, defendant admitted that she never saw plaintiff before her vehicle struck him. Notably absent from the record is any testimony that plaintiff suddenly emerged from behind the truck. Indeed, there is no direct evidence controverting the testimony of plaintiff that he

had dumped recycling materials into the bin on the passenger side (not the rear) of the truck and had walked across the westbound lane to the grass on the far side of the street when he was struck by defendant's vehicle.

Defendants impleaded plaintiff's employer and a co-worker of plaintiff, seeking contribution based on the allegedly negligent operation of the recycling truck by plaintiff's co-worker.

Defendants appeal from a pretrial order granting the motion of third-party defendants for summary judgment dismissing the third-party complaint. Defendants also appeal from a post-trial order granting plaintiff's motion to set aside a jury verdict finding that defendant was not negligent. In setting aside the verdict, Supreme Court directed judgment in favor of plaintiff on the issue of liability and ordered a trial on damages only.

The court erred in granting the motion of third-party defendants for summary judgment dismissing the third-party complaint. There is a triable issue of fact whether plaintiff's co-worker was negligent in stopping the truck facing the wrong way in the wrong lane. Further, there is a triable issue of fact whether the alleged negligent obstruction of the road contributed to the accident.

The court properly granted plaintiff's motion to set aside the verdict finding that defendant was not negligent in the operation of her vehicle. That finding is against the weight of the evidence, which so preponderates in favor of plaintiff that the jury could not have reached its verdict upon any fair interpretation of the evidence (see, Browne v Pikula, 256 AD2d 1139; Harrison v Harrison, 199 AD2d 1091). Plaintiff presented evidence that defendant failed to slow her vehicle in response to a "special hazard" of which she admittedly was aware, failed to sound her horn or give any warning of her intent to veer around the recycling truck, and failed to keep a proper lookout and to see what with the proper use of her senses she should have seen (see, Weigand v United Traction Co., 221 NY 39, 42; Milka v Hernandez, 187 AD2d 1031, 1031-1032; see generally, Vehicle and Traffic Law § 1125 [a] [1]; § 1128 [a]; §§ 1146, 1180 [a], [e]). According to defendant's version of the accident, defendant left the road at near "highway speed" and admittedly failed to see what was in her field of vision and there to be seen (see, Weigand v United Traction Co., supra, at 42; Milka v Hernandez, supra, at 1032). Although defendant admitted her awareness that workers were likely to be around the truck, she proceeded at a barely reduced speed in disregard of the risk of hitting a worker.

The court erred, however, in directing a verdict for plaintiff on the issue of liability. "A determination setting aside a jury verdict as against the weight of the evidence 'results only in a new trial and does not deprive the parties of their right to ultimately have all disputed issues of fact resolved by a jury'" (*Harrison v Harrison, supra,* at 1091; *see, Rogers v DiChristina,* 195 AD2d 1061, 1062), including the issues of plaintiff's comparative negligence and causation. We therefore modify the order in appeal No. 2 by vacating so much of the first ordering paragraph that directed judgment in favor of plaintiff on the issue of liability and providing in the second ordering paragraph that a new trial is granted on the issue of liability.

All concur except Scudder, J., who dissents and votes to dismiss the appeal as moot (*see, Augustine v Dandrea,* 274 AD2d 964 [decided herewith] [Scudder, J., dissenting]). (Appeal from Order of Supreme Court, Monroe County, Siracuse, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Pine, Hurlbutt, Scudder and Kehoe, JJ.