■ LABONTE AUGUSTINE, Respondent, v MELISSA A. DAN-DREA et al., Appellants. (Appeal No. 2.) [711 NYS2d 810] —Order modified on the law and as modified affirmed without costs in accordance with the same Memorandum as in *Augustine v Dandrea* (274 AD2d 962 [decided herewith]).

All concur except Scudder, J., who dissents and votes to reverse in the following Memorandum.

Scudder, J. (dissenting). I respectfully dissent. I disagree that Supreme Court properly granted plaintiff's motion to set aside the verdict as against the weight of the evidence.

Melissa A. Dandrea (defendant) testified that she did not see plaintiff but, that immediately before hearing a thud, she saw a blue recycling box in front of her vehicle, the bottom of which was approximately at the level of the hood of her vehicle. Defendant testified that the position of the box indicated that it was being carried. Plaintiff testified that he had dumped the recycling box, placed it on the grass and was standing on the grass when he was struck. The jury apparently credited defendant's testimony, as it was entitled to do.

I disagree with the majority that "the evidence * * * so preponderates in favor of plaintiff that the jury could not have reached its verdict upon any fair interpretation of the evidence". I submit that a fair interpretation of the evidence supports the verdict finding that defendant was not negligent (*see, Smith v Tadsen,* 265 AD2d 863; *see generally, Lolik v Big V Supermarkets,* 86 NY2d 744, 746). "The history of the fair in-

terpretation standard indicates that it was intended to accentuate the principle that when a jury, upon being presented with sharply conflicting evidence creating a factual dispute, resolved the controversy in favor of the defendant upon a fair interpretation of the evidence, that finding should be sustained [citation omitted] in the absence of some other reason for disturbing it in the interest of justice * * * The significance of the fair interpretation standard is that it provides a strong cautionary note by stressing to the court that the overturning of the jury's resolution of a sharply disputed factual issue may be an abuse of discretion if there is any way to conclude that the verdict is a fair reflection of the evidence" (*Nicastro v Park,* 113 AD2d 129, 134-135). The sharply disputed factual issue in this case, whether defendant was unable to avoid hitting plaintiff because plaintiff stepped in front of defendant's vehicle, is properly left to the jury. Thus, I would reverse the order, deny plaintiff's motion and reinstate the verdict. (Appeal from Order of Supreme Court, Monroe County, Siracuse, J.—Set Aside Verdict.) Present—Pigott, Jr., P. J., Pine, Hurlbutt, Scudder and Kehoe, JJ.