(August 16, 2001)

■ SEUNG JA CHO et al., Respondents-Appellants, v IN-CHUL SONG, M.D., Appellant-Respondent. [729 NYS2d 117] —Order, Supreme Court, New York County (Alice Schlesinger, J.),

entered on or about January 13, 2000, which granted plaintiffs' motion to set aside the jury verdict on the ground that the court erroneously failed to give the requested charge on res ipsa loquitur, unanimously reversed, on the law, without costs, the motion denied and the jury verdict reinstated. Plaintiffs' appeal from order, same court (Stanley Sklar, J.), entered on or about August 2, 1995, unanimously dismissed, without costs.

The facts of this case did not require a charge on res ipsa loquitur, because plaintiff did not establish that her facial burns and scars, complications suffered after undergoing a chemical facial peel, were injuries that would not normally have occurred in the absence of negligence (*cf.*, *Kambat v St. Francis Hosp.*, 89 NY2d 489 [leaving a laparotomy pad inside a patient led to injuries that would not normally have occurred in the absence of negligence]). Unlike the facts of *Kambat*, the experts' testimony here supported finding that Mrs. Cho's injuries were a possible complication of a 30% trichloroacetic acid (TCA) peel. Because the jury could not infer negligence here "merely from the happening of an event and the defendant's relation to it" (*id.*, at 494), a charge on res ipsa loquitur was not warranted.

Moreover, although the experts provided irreconcilable testimony, a fair interpretation of the testimony of defendant's expert Dr. Moynihan, if credited, supports the jury's determination that Mrs. Cho's scarring was not the result of Dr. Song's negligence. It also supports the findings that Mrs. Cho was properly informed of the risks involved in the procedure prior to the peel and that the failure to do a patch test of the solution was not negligent. A further basis for defendant's verdict may be found in a portion of the testimony of plaintiffs' expert, Dr. Schwager. He admitted that "the mere fact that there was a[n] unsatisfactory result, or a poor result [did not] necessarily mean that there was negligence or malpractice" (*see*, *Nicastro v Park*, 113 AD2d 129, 134 ["when a jury, upon being presented with sharply conflicting evidence creating a factual dispute, resolved the controversy in favor of the defendant upon a fair interpretation of the evidence, that finding should be sustained"]; *Hoffson v Orentreich*, 168 AD2d 243 [overturning jury verdict as against the weight of the evidence]).

Finally, the record does not support either of plaintiffs' claims (1) that defense counsel's questions at trial, or his summation denied them a fair trial; or (2) that the Court's failure to issue a missing witness charge as to Ms. Kim was an abuse of discretion. Concur—Sullivan, P. J., Rosenberger, Williams, Mazzarelli and Friedman, JJ.