■ MITCHELL SCHWARTZ, Respondent, v JEFFREY MINKOFF, Appellant. [764 NYS2d 285] —In an action to recover damages for medical malpractice, the defendant appeals from an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated December 18, 2001, which granted that branch of the plaintiff's motion pursuant to CPLR 4404 (a) which was to set aside a jury verdict in favor of the defendant and for judgment as a matter of law on the issue of liability.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the plaintiff's motion which was to set aside the jury verdict in favor of the defendant and for judgment as a matter of law on the issue of liability and substituting therefor a provision granting that branch of the motion which was to set aside the jury verdict as against the weight of the evidence and granting a new trial; as so modified, the order is affirmed, and the matter is remitted to the Supreme Court, Suffolk County, for a new trial, with costs to abide the event.

In May 1990, the plaintiff was referred to the defendant, who at that time was board certified in orthopedics, for treatment of an injury to his left knee. Subsequently, the defendant diagnosed the plaintiff as having had a torn anterior cruciate ligament (hereinafter ACL), a tear of the periphery of the medial meniscus, and maltracking of the patella of his left knee. In September 1990, the defendant simultaneously performed three surgical procedures on the plaintiff's left knee, intending to remedy all three conditions at once. This surgery involved, inter alia, repairing the ACL by taking a graft from the patella tendon and attaching it to the tibia and the femur. It also involved repairing the maltracking of the patella through a "Trillat" procedure, which involved moving the patella tendon to change the position of the patella. However, following this surgery, the plaintiff continued to experience various problems with his left knee, and between August 1991 and June 1993, the defendant performed three additional surgical procedures on the knee. Thereafter, the plaintiff also underwent three additional surgical procedures to his left knee by another physician.

In April 1996 the plaintiff commenced this medical malpractice action against the defendant. After a trial on the issue of liability, the jury returned a verdict in favor of the defendant, finding that he had not departed from good and accepted medical practice in performing the September 1990 surgery. The Supreme Court, however, granted that branch of the plaintiff's motion which was to set aside the jury verdict and for judgment as a matter of law on the issue of liability. On appeal by the defendant, we modify the order by denying that branch of the plaintiff's motion and instead granting the branch of the plaintiff's motion which was to set aside the verdict as against the weight of the evidence and for a new trial.

Pursuant to CPLR 4404 (a), a court may, inter alia, "set aside a verdict or any judgment entered thereon and direct that judgment be entered in favor of a party entitled to judgment as a matter of law." In order for a court to do so, there must be "no valid line of reasoning and permissible inferences which could possibly lead rational [people] to the conclusion reached by the jury on the basis of the evidence presented at trial" (*Cohen v Hallmark Cards,* 45 NY2d 493, 499 [1978]; *LePatner v VJM Home Renovations,* 295 AD2d 322, 323 [2002]). In the instant case, we agree with the defendant that the Supreme Court improperly granted that branch of the plaintiff's motion which was to set aside the jury verdict in favor of the defendant and for judgment as a matter of law in the plaintiff's

favor on the issue of liability, as there existed a valid line of reasoning for the jury's determination that the defendant did not depart from good and accepted medical practice in the performance of the September 1990 surgery (*see Cohen v Hallmark Cards, supra; Roseingrave v Massapequa Gen. Hosp.,* 298 AD2d 377 [2002]).

Upon our review of the record, however, we conclude that the jury verdict was against the weight of the evidence. A jury verdict should be set aside as against the weight of the evidence where "the jury could not have reached the verdict on any fair interpretation of the evidence" (*Nicastro v Park,* 113 AD2d 129, 134 [1985] [internal quotation marks omitted]). In the instant case, the weight of the credible evidence suggests that the defendant departed from good and accepted medical practice by, inter alia, improperly positioning the ACL graft in the initial surgery, thereby hindering the mobility of the plaintiff's knee, and causing the plaintiff to suffer from a condition known as "patella baja" by improperly placing the patella tendon and patella during the Trillat procedure, causing severe pain in the plaintiff's knee. Accordingly, we modify the order appealed from and remit the matter to the Supreme Court, Suffolk County, for a new trial. Florio, J.P., Friedmann, Cozier and Mastro, JJ., concur.