■ CAROLE GRANT-WHITE, Respondent, v CRAIG HORNBARGER, M.D., et al., Appellants. [784 NYS2d 804]—

Appeal from an order of the Supreme Court, Erie County (Patrick H. NeMoyer, J.), entered October 10, 2003 in an action to recover damages for medical malpractice. The order granted plaintiff's motion, set aside the jury verdict and directed a verdict against defendants on the issue of liability.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying the motion in part and as modified the order is affirmed without costs and a new trial is granted.

Memorandum: Plaintiff commenced this action to recover damages for injuries she sustained when Craig Hornbarger, M.D. (defendant) cut her bile duct and hepatic duct while performing a cholecystectomy. It is undisputed that defendant mistakenly cut those ducts, intending instead to cut the cystic duct. The jury returned a verdict finding that defendant was not negligent, and plaintiff moved to set aside the verdict and for a directed verdict on liability. Supreme Court properly granted that part of plaintiff's motion seeking to set aside the verdict. The evidence demonstrates that, during surgery, defendant encountered numerous adhesions, severe swelling and inflammation in the surgical area, which distorted plaintiff's anatomy, changed the position of the structures therein, and increased the risk of misidentification of the ducts. Plaintiff's expert testified that in such circumstances, it is "virtually mandatory" to perform a cholangiogram, a procedure that would have permitted defendant to identify the ducts. Defendant and his expert agreed that a cholangiogram should be performed when the surgeon is unsure of the patient's anatomy. Contrary to plaintiff's expert, however, they further testified that defendant's failure to perform a cholangiogram did not constitute a departure from accepted standards of medical practice. Those conflicting expert opinions did not preclude the court from exercising its discretion to set aside the verdict (see Nicastro v Park, 113 AD2d 129, 138 [1985]; see also Grassi v Ulrich, 87 NY2d 954, 956 [1996]). "Where opinion testimony is contradicted by the facts, the facts must prevail" (Matter of Slade, 106 AD2d 914, 915 [1984]; see Matter of Horton, 272 App Div 646, 651 [1947], affd 297 NY 891 [1948]; Strasberg v Equitable Life Assur. Socy. of U.S., 281 App Div 9, 13 [1952]). Here,

the facts so preponderate in plaintiff's favor that the verdict finding that defendant was not negligent could not have been reached on any fair interpretation of the evidence, and the verdict was properly set aside (*see Schwartz v Minkoff,* 308 AD2d 484, 486 [2003]; *Agustin v Beth Israel Hosp.,* 185 AD2d 203, 204 [1992]).

The court erred, however, in directing judgment on liability in plaintiff's favor (*see Schwartz,* 308 AD2d at 485-486). "Having set aside the verdict as being against the weight of the evidence on the issue of liability, the trial court should have granted a new trial on that issue" (*Harrison v Harrison,* 199 AD2d 1091, 1091 [1993]). We therefore modify the order by denying that part of plaintiff's motion seeking a directed verdict on liability, and we grant a new trial on that issue. Present—Pigott, Jr., P.J., Green, Pine, Hurlbutt and Scudder, JJ.