■ MARINA GRANOVSKAYA, Respondent, v CITY OF NEW YORK, Appellant. [787 NYS2d 62]—

In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Kings County (Held, J.), dated April 15, 2003, which, upon a jury verdict finding it 100% at fault in the happening of the accident and awarding the plaintiff the sums of $150,000 for past pain and suffering and $450,000 for future pain and suffering, and upon an order of the same court dated March 17, 2003, denying its motion pursuant to CPLR 4404 (a), inter alia, to set aside the jury verdict on the issue of damages, is in favor of the plaintiff and against it in the principal sum of $600,000.

Ordered that the judgment is modified, on the facts and as an exercise of discretion, by deleting the provision thereof awarding the plaintiff damages for future pain and suffering and substituting therefor a provision severing the cause of action as to damages for future pain and suffering and granting a new trial on the issue of those damages only; as so modified, the judgment is affirmed, with costs to the appellant, that branch of the motion pursuant to CPLR 4404 (a) which was to set aside the jury verdict on the issue of damages for future pain and suffering is granted, and the order dated March 17, 2003, is modified accordingly unless, within 30 days after service upon her of a copy of this decision and order, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to damages for future pain and suffering from the sum of $450,000 to the sum of $200,000, and to the entry of an amended judgment accordingly; in the event that the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements.

On October 7, 1994, the plaintiff tripped and fell when the

heel of her shoe became caught on the metal rim of an open manhole in a sidewalk in Brooklyn. As a result, she suffered, inter alia, radiculopathy to her lower back. After a trial, the jury found the defendant 100% at fault in the happening of the accident and awarded the plaintiff damages in the sums of $150,000 for past pain and suffering and $450,000 for future pain and suffering.

Under the facts of this case, the award for future pain and suffering deviates materially from what would be reasonable compensation to the extent indicated (*see* CPLR 5501 [c]; *see generally Lamuraglia v New York City Tr. Auth.,* 299 AD2d 321 [2002]; *Porcano v Lehman,* 255 AD2d 430 [1998]).

The defendant's remaining contentions are without merit. Santucci, J.P., Adams, Cozier and Rivera, JJ., concur.