■ DANIEL HIGGINS et al., Respondents-Appellants, v AR-MORED MOTOR SERVICE OF AMERICA, INC., Appellant-Respondent. [788 NYS2d 544]—

Appeal and cross appeal from an order of the Supreme Court, Erie County (David J. Mahoney, J.), entered December 5, 2003. The order granted that part of plaintiffs' motion seeking to set aside the verdict and granted a new trial in a personal injury action.

It is hereby ordered that the order so appealed from be and the same hereby is affirmed without costs.

Memorandum: Plaintiffs commenced this action to recover damages for injuries sustained by Daniel Higgins (plaintiff) when he slipped and fell on ice on defendant's premises. Supreme Court properly granted that part of plaintiffs' motion seeking to set aside as against the weight of the evidence the jury verdict finding that defendant was not negligent. Plaintiffs presented undisputed proof that plaintiff fell on ice on the sidewalk outside defendant's building, the area of his fall had not been salted, the temperature remained below freezing and

there was no precipitation on the day of the accident. Defendant submitted only testimony with respect to its general maintenance practices from a witness who had no recollection of the day that plaintiff slipped and fell. "The determination of the trial court to set aside a jury verdict as against the weight of the evidence must be accorded great respect and, where the court's determination is not unreasonable, we will not intervene to reverse that finding" (*American Linen Supply Co. v M.W.S. Enters.*, 6 AD3d 1079, 1080 [2004] [internal quotation marks and citations omitted], *lv dismissed* 3 NY3d 702 [2004]). Here, the court reasonably determined that the facts so preponderated in plaintiffs' favor that the jury's finding could not have been reached on any fair interpretation of the evidence (*see Grant-White v Hornbarger*, 12 AD3d 1066 [2004]; *Bendersky v M & O Enters. Corp.*, 299 AD2d 434, 435 [2002]). Thus, the verdict was properly set aside.

The court also properly denied that part of plaintiffs' motion to strike the answer based upon defendant's failure to provide a videotape of the incident, which was recorded on defendant's security system. Because the videotape was recycled by defendant before litigation and as a normal business practice (*see Conderman v Rochester Gas & Elec. Corp.*, 262 AD2d 1068, 1070 [1999]), the court did not abuse its discretion by fashioning an alternative remedy of permitting plaintiffs to introduce evidence of a statement by defendant's employee acknowledging the existence of the videotape and charging the jury in accordance with PJI 1:77.1 (2004) (*see generally Hartford Fire Ins. Co. v Regenerative Bldg. Constr.*, 271 AD2d 862, 863-864 [2000]).

All concur except Scudder and Martoche, JJ., who dissent and vote to reverse in accordance with the following memorandum.

Scudder and Martoche, JJ. (dissenting). We respectfully dissent. We concur with the majority that Supreme Court properly denied that part of plaintiffs' motion to strike the answer based upon defendant's failure to provide a videotape of the incident. We differ only with the majority's conclusion that the verdict was properly set aside. In our view, the verdict is not "palpably irrational or wrong" (*Dannick v County of Onondaga*, 191 AD2d 963, 964 [1993]), and thus the court erred in setting it aside as against the weight of the evidence (*cf. American Linen Supply Co. v M.W.S. Enters.*, 6 AD3d 1079, 1080 [2004], *lv dismissed* 3 NY3d 702 [2004]). The proof adduced at trial included the testimony of Daniel Higgins (plaintiff) that the sidewalk upon which he fell while exiting the building did not have an accumulation of water on it when he entered the building $1\frac{1}{2}$

hours earlier, and that during those $1^{1}/_{2}$ hours there was no precipitation. Plaintiff further testified that he did not encounter any slippery conditions on the way into the building from his vehicle and did not report any such conditions to defendant prior to falling. Thus, we conclude that the jury could have fairly inferred from the evidence that plaintiffs failed to sustain their burden of proving that defendant had notice of the alleged icy condition (*see Wright v Saeed Deli & Grocery* [appeal No. 2], 275 AD2d 999, 999-1000 [2000], *lv denied* 96 NY2d 701 [2001]; *see generally Cohen v Hallmark Cards*, 45 NY2d 493, 498-499 [1978]; *Lewis v Bama Hotel Corp.*, 297 AD2d 422, 423 [2002]; *Herbst v Nevele Country Club*, 251 AD2d 864, 864-865 [1998]). We would therefore reverse the order, deny that part of plaintiffs' motion to set aside the verdict and reinstate the verdict. Present—Green, J.P., Scudder, Gorski, Martoche and Hayes, JJ.