ZORIE BOLING, Respondent, v PHILIP M. STEGEMANN, M.D., et al., Appellants, et al., Defendant. [831 NYS2d 622]—

Appeals from an order of the Supreme Court, Erie County (Joseph D. Mintz, J.), entered August 3, 2005 in a medical malpractice action. The order granted plaintiff's motion seeking to set aside the jury verdict in favor of defendants Philip M. Stegemann, M.D. and the County of Erie and granted a new trial with respect to those defendants.

It is hereby ordered that the order so appealed from be and the same hereby is reversed on the law without costs, the motion is denied and the verdict is reinstated.

Memorandum: Plaintiff commenced this action to recover damages for injuries allegedly resulting from a burn on her skin that appeared immediately following orthopedic surgery at the Erie County Medical Center (ECMC). Supreme Court granted plaintiff's motion seeking to set aside the jury verdict in favor of Philip M. Stegemann, M.D. and the County of Erie (defendants) as against the weight of the evidence and granted a new trial on the issues of liability and damages with respect to defendants. That was error.

At trial, each defendant offered expert testimony attributing the burn to the conduct of the other. According to Dr. Stegemann, the burn resulted from the use of an excessively hot IV bag as an axillary roll by staff of the ECMC to position plaintiff

for surgery and, according to the County of Erie, the burn resulted from plaintiff's lying on padding saturated with Betadine solution, a caustic substance. Plaintiff argued on summation that the fact that she was burned establishes negligence and that it was for the jury to decide "who, how, [and in] what percentage." The first two questions on the verdict sheet were whether each defendant, respectively, was negligent, and whether such negligence was a substantial factor in causing any of plaintiff's injuries. The jury provided negative responses to each question.

During argument of plaintiff's posttrial motion, the court stated its view that the jury could find either or both defendants liable but that there was no rational basis to find neither liable. The court cited no authority for the proposition that the jury had to find at least one defendant responsible in a res ipsa loquitur situation in which each defendant controlled a different instrumentality, either of which could have caused a burn, and the charge, to which there was no objection, did not state that proposition.

Although it is undisputed that plaintiff was burned, we conclude that a rational jury could find that plaintiff failed to prove circumstantially what caused the burn and thus failed to prove which defendant caused the burn. Reversal therefore is required, because it cannot be said that the evidence so preponderates in favor of plaintiff that the verdict could not have been reached on any fair interpretation of the evidence (*see generally Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]). We note the well-settled principle that, while res ipsa loquitur permits an inference of negligence from circumstantial evidence, it "does not require the jury to infer that [a] defendant was negligent" (*Morejon v Rais Constr. Co.*, 7 NY3d 203, 209 [2006]). Stated differently, res ipsa loquitur is an "evidentiary doctrine that merely permits the jury to infer negligence based on a well-founded understanding that the injury-causing event would not normally occur unless someone was negligent and may be rebutted with evidence from [a] defendant that tends to cast doubt on plaintiff's proof" (*States v Lourdes Hosp.*, 100 NY2d 208, 213-214 [2003], *rearg denied* 100 NY2d 577 [2003]).

All concur except Gorski, J., who dissents and votes to modify in accordance with the following memorandum.

Gorski, J. (dissenting). I respectfully dissent because, in my view, Supreme Court properly granted plaintiff's motion seeking to set aside the jury verdict in favor of Philip M. Stegemann, M.D. and the County of Erie (defendants) as against the weight

of the evidence. As the court properly determined, the evidence so preponderates in plaintiff's favor that the jury verdict in favor of defendants could not have been reached on any fair interpretation of the evidence (*see Higgins v Armored Motor Serv. of Am., Inc.*, 13 AD3d 1087, 1088 [2004]; *Grant-White v Hornbarger*, 12 AD3d 1066, 1067-1068 [2004]; *Augustine v Dandrea*, 274 AD2d 962, 963 [2000]).

When plaintiff awoke from general anesthesia following surgery on the rotator cuff of her right shoulder, it was discovered that she had a large second degree burn, approximately 8 centimeters by 14$^{1}/_{2}$ centimeters, in the area of her left underarm and breast, an area remote from the surgical site. The burn was serious enough to require skin grafting and tissue for that purpose was taken from plaintiff's thigh, resulting in scarring in two areas of plaintiff's body. According to the testimony of Dr. Stegemann and expert testimony offered by him, the burn was caused by an overheated IV bag placed by the nurses or other employees of the Erie County Medical Center (ECMC) and used as an axillary roll. According to the testimony of employees of the ECMC and expert testimony offered by defendant County of Erie, plaintiff sustained a chemical burn from lying on pads soaked in Betadine for too long or she sustained a burn resulting from the misuse of an electrocautery device, either of which resulted from circumstances implicating Dr. Stegemann.

"The determination of the trial court to set aside a jury verdict as against the weight of the evidence 'must be accorded great respect' . . . and, where the court's determination is 'not unreasonable, we will not intervene to reverse that finding' " (*American Linen Supply Co. v M.W.S. Enters.*, 6 AD3d 1079, 1080 [2004], *lv dismissed* 3 NY3d 702 [2004]; *see Higgins*, 13 AD3d at 1088). In my view, the court properly set aside the jury verdict upon determining that there was no rational basis for the jury's finding that neither defendant was negligent. Plaintiff, who was unconscious throughout the surgery, could not have contributed to her initial injury in any manner, and thus one of the defendants was responsible for the burn sustained by plaintiff during the surgery in an area remote from the surgical site. I further conclude, however, that the court should have granted judgment in favor of plaintiff on the issue of negligence and granted a new trial to determine which defendant was at fault and, in the event that both were at fault, to determine the percentage of fault for each.

The majority concludes that "plaintiff failed to prove circumstantially what caused the burn and thus failed to prove

which defendant caused the burn." I cannot agree with that conclusion. Plaintiff, as part of her case, offered testimony from both defendants wherein each blamed the other and, indeed, it can hardly be debated that a patient does not awaken from anesthesia following surgery with large burns in the absence of negligence on the part of at least one of the defendants who participated in the surgery. "Generally, the doctrine of res ipsa loquitur permits but does not compel an inference of negligence . . . . However, where a plaintiff's 'prima facie proof is so convincing that the inference of negligence arising therefrom is inescapable and unrebutted, summary judgment on [negligence] is proper' " (*Thomas v New York Univ. Med. Ctr.*, 283 AD2d 316, 317 [2001], quoting *Salter v Deaconess Family Medicine Ctr.* [appeal No. 2], 267 AD2d 976, 977 [1999]). In my view, this is one of those rare res ipsa loquitur cases in which plaintiff should have been awarded a directed verdict on the issue of negligence at the close of proof because the circumstantial evidence presented by her is so convincing that the inference of negligence on the part of one or both of the defendants is inescapable (*see Morejon v Rais Constr. Co.*, 7 NY3d 203, 209 [2006]).

I therefore would modify the order by granting judgment in favor of plaintiff on the issue of negligence and by providing that a new trial is limited to the issues of apportionment of liability and damages. Present—Hurlbutt, J.P., Gorski, Smith and Pine, JJ.