■ DAVID CANAZZI, Respondent, v CSX TRANSPORTATION, INC., Appellant. (Appeal No. 1.) [876 NYS2d 915]—Appeal from an order of the Supreme Court, Erie County (Timothy J. Drury, J.), entered February 7, 2008 in a personal injury action. The order granted plaintiff's motion, set aside the jury verdict in part, directed that judgment be entered in favor of plaintiff on the issue of causation, and granted a new trial on comparative negligence and damages.

Appeal from a judgment of the Supreme Court, Erie County (Timothy J. Drury, J.), entered February 21, 2008 in a personal injury action. The judgment was entered in favor of plaintiff and against defendant on negligence following a jury trial.

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law without costs, the verdict is set aside in its entirety, and a new trial is granted on liability and damages.

Memorandum: Plaintiff commenced this action pursuant to the Federal Employers' Liability Act ([FELA] 45 USC § 51 *et seq.*) seeking damages for injuries he sustained when he was

struck by a moving train during the course of his employment with defendant. Following a trial, the jury returned a verdict in favor of defendant, finding that defendant was negligent but that its negligence was not a proximate cause of plaintiff's injuries. We reject defendant's contention that Supreme Court erred in granting that part of plaintiff's post-trial motion to set aside the verdict on causation as against the weight of the evidence. Pursuant to FELA, the issue of causation turns on whether defendant's " 'negligence played any part, even the slightest,' in contributing to [plaintiff's] injury" (*Smith v National R.R. Passenger Corp.*, 856 F2d 467, 469 [1988], quoting *Rogers v Missouri Pacific R. Co.*, 352 US 500, 506 [1957]; *see also Hotaling v CSX Transp.*, 5 AD3d 964, 967-968 [2004]). Here, the evidence established that plaintiff was struck at night by an unilluminated, unreflective black tank car moving quietly on a track adjacent to the one on which plaintiff was working. Neither the crew of the train on which plaintiff was a conductor nor the crew of the train that struck plaintiff was warned of train movement on an adjacent track, and defendant's yardmaster conceded that the failure to provide such a warning was an anomaly. The evidence also established that the debris on the walkway between the two tracks where plaintiff was working was a common hazard in the railroad yard and that plaintiff crossed the track on which he was struck in an effort to avoid the debris. We thus conclude that "the evidence so preponderate[d] in favor of the [plaintiff] that [the verdict] could not have been reached on any fair interpretation of the evidence" (*Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995] [internal quotation marks omitted]).

We agree with defendant, however, that the court erred in directing that judgment be entered in favor of plaintiff on the issue of causation. "A determination setting aside a jury verdict as against the weight of the evidence 'results only in a new trial and does not deprive the parties of their right to ultimately have all disputed issues of fact resolved by a jury' " (*Rogers v DiChristina*, 195 AD2d 1061, 1062 [1993]). We therefore reverse the judgment, set aside the verdict in its entirety, and grant a new trial on liability and damages. In light of our determination, we need not address defendant's remaining contention. Present—Hurlbutt, J.P., Martoche, Fahey, Carni and Gorski, JJ.