Germaine Bowman McDonald, Respondent-Appellant, and Dean McDonald, Plaintiff, 
against
Baobob, Inc., Appellant-Respondent.



Appeal, and cross appeal on the ground of inadequacy, from a judgment of the Civil Court of the City of New York, Queens County (Larry Love, J.), entered January 7, 2014. The judgment, upon an order of the Supreme Court, Queens County (Orin R. Kitzes, J.), granting plaintiff's motion for summary judgment on the issue of liability, an order of the same court (Jeremy S. Weinstein, J.) entered August 21, 2012 transferring the action to the Civil Court, Queens County, a jury verdict on the issue of damages awarding plaintiff Germaine Bowman McDonald the principal sum of $500,000 for past pain and suffering, and $75,000 for future pain and suffering, and an order of the Civil Court (Larry Love, J.) entered December 3, 2013 denying a motion by plaintiff Germaine Bowman McDonald, pursuant to CPLR 4404 (a), to set aside the jury verdict for future pain and suffering, or, alternatively, for a new trial as to damages for future pain and suffering, unless defendant stipulated to a substantial increase thereof, and granting defendant's separate motion to set aside the jury verdict for past pain and suffering in the principal sum of $500,000, and directing a new trial thereon, unless plaintiff Germaine Bowman McDonald stipulated to reduce the verdict as to damages for past pain and suffering from the principal sum of $500,000 to the principal sum of $250,000, awarded plaintiff Germain Bowman McDonald the principal sum of $325,000.




ORDERED that the judgment is affirmed, without costs.
Insofar as is relevant to this appeal, Germaine Bowman McDonald (plaintiff) seeks in this negligence action to recover damages for personal injuries she sustained while she was shopping in a beauty supply store owned by defendant Baobob, Inc., when a mannequin head fell several feet from a shelf and struck her left foot. Plaintiff was awarded summary judgment on the issue of liability in the Supreme Court, Queens County, and the action was thereafter transferred to the Civil Court. After a jury trial on the issue of damages, the jury awarded plaintiff the sum of $500,000 for past pain and suffering, and $75,000 for future pain and suffering. Thereafter, plaintiff moved, pursuant to CPLR 4404 (a), to set aside the jury verdict for future pain and suffering, alleging that it was inadequate. Defendant separately moved, pursuant to CPLR 4404 (a), to set aside the jury verdict for past pain and suffering, alleging that it was excessive. The Civil Court denied plaintiff's motion and granted defendant's motion to the extent of setting aside the jury verdict for past pain and suffering, and directing a new trial thereon, unless plaintiff stipulated to reduce the verdict as to damages for past pain and suffering to the sum of $250,000. Plaintiff thereafter submitted a proposed judgment with the reduced award for past pain and suffering, and a judgment in the principal sum of $325,000 was entered upon plaintiff's [*2]application. Defendant appeals, arguing, among other things, that the damage award for past pain and suffering, as modified by the court, is still excessive as it deviates from reasonable compensation. Plaintiff cross-appeals, arguing that the damage award for past pain and suffering, as modified by the court, and the damage award for future pain and suffering are inadequate as they deviate from reasonable compensation.
We note that the Civil Court's order gave plaintiff the option of either having a new trial or consenting to the reduction of the award for past pain and suffering to the sum of $250,000. Instead of appealing the order (see e.g. Kowalsky v County of Suffolk, 139 AD3d 906 [2016]), plaintiff submitted a proposed judgment incorporating the reduced amount. In these circumstances, she is deemed to have consented to the reduction of the award for past pain and suffering and thus cannot challenge it on appeal, as she is not aggrieved thereby (see CPLR 5511).
Contrary to defendant's contention, the evidence supported the jury's finding that plaintiff suffered from "partial" complex regional pain syndrome. "Where, as here, both parties present expert testimony in support of their positions, it is the province of the jury to determine the experts' credibility" (Monroy v Glavas, 57 AD3d 631, 632 [2008]; see also Texter v Middletown Dialysis Ctr., Inc., 22 AD3d 831 [2005]). Since it is the jury that has the opportunity to observe and hear the experts, the jury's resolution of conflicting expert testimony is entitled to great weight (see Angrand v Stern, 8 AD3d 218 [2004]). A jury verdict should be upheld if there exists a valid line of reasoning that supports it (see Schwartz v Minkoff, 308 AD2d 484 [2003]).
The standard for reviewing the inadequacy or excessiveness of a jury award is whether it "deviates materially from what would be reasonable compensation" (CPLR 5501 [c]). Since the inherently subjective nature of noneconomic awards cannot produce mathematically precise results, the "reasonableness" of compensation must be measured against the relevant precedent of comparable cases (see Donlon v City of New York, 284 AD2d 13, 15-16 [2001]). Upon a review of the record, we are of the opinion that the damages awarded to plaintiff for future pain and suffering and past pain and suffering, as reduced by the Civil Court subject to plaintiff's consent, did not materially deviate from what would be reasonable compensation therefor (see CPLR 5501 [c]; Yamamoto v Carled Cab Corp., 66 AD3d 603 [2009]; Granovskaya v City of New York, 13 AD3d 412 [2004]).
Accordingly, the judgment is affirmed.
Weston, J.P., Aliotta and Elliot, JJ., concur.
Decision Date: October 21, 2016